**In re Philip Alfred BLAIR, Jr., Bankrupt.**

**Philip Alfred BLAIR, Jr., Plaintiff,**

**v.**

**COMMISSIONER OF ADMINISTRATIVE SERVICES, Defendant.**

**Bankruptcy No. B–78–452.**

United States Bankruptcy Court, D. Connecticut.

Memorandum of Decision Feb. 15, 1979.

On Remand Aug. 27, 1979.

MEMORANDUM OF DECISION

ROBERT E. TREVETHAN, Bankruptcy Judge.

This bankruptcy case was commenced by voluntary petition filed on July 28, 1978. On August 11, 1978 the plaintiff filed a complaint for determination of dischargeability of his indebtedness to the defendant. On December 29, 1978 the plaintiff filed a motion for summary judgment and also a statement of the material facts. Hearing was duly scheduled and held on the motion at which the parties appeared. The undisputed facts are next set forth.

The indebtedness of the plaintiff to the defendant listed in the bankruptcy schedules in the amount of $12,716.64 is for public assistance furnished to the plaintiff's former wife and child from November 1968 to the date of bankruptcy. On April 9, 1973 an order of the Superior Court, New Haven, was entered which required the plaintiff to pay $25.00 per week alimony and $25.00 per week for child support. On October 15, 1976 the plaintiff's former wife, Ina Blair, executed an assignment to the State of Connecticut of all support rights, accrued, pending and continuing, which she had for the support of Michelle Blair, the child of the marriage of the plaintiff and Ina. The assignment recited that it was subject to the terms and conditions of Section 402(a)(26) of Title IV of the Social Security Act as amended. The plaintiff was granted a discharge in this bankruptcy case on December 14, 1978 which released him from all dischargeable debts.

Section 402(a)(26) of the Social Security Act, 42 U.S.C. 602(a)(26), provides that a State plan for aid and services to needy families with children must require each applicant

(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed.

Section 456(b) of the Social Security Act, 42 U.S.C. 656(b) provides that

A debt which is a child support obligation assigned to a State under section 402(a)(26) is not released by a discharge in bankruptcy under the Bankruptcy Act.

These two sections are part of the Social Security Act Amendments of 1974 which became effective August 1, 1975.

The Bankruptcy Reform Act of 1978 (BRA) provides in Title III—Amendments To Other Acts—section 328 that

Subsection (b) of section 456 of the Social Security Act (42 U.S.C. 656(b)) is repealed.

And Title IV—Transition—section 402(d) of BRA provides that the "amendments" made by various sections of BRA including that made by section 328 shall take effect on the date of enactment of BRA which was November 6, 1978.

At the hearing on the motion for summary judgment the defendant conceded that, if section 456(b) of the Social Security Act was repealed by section 328 of Title III as of November 6, 1978, this would resolve this adversary proceeding. And this court agrees with this concession because section 456(b) rendered the debt for child support assigned to the State not dischargeable and, if this section had been repealed on November 6, 1978, then the assigned debt would thereafter be dischargeable and would be discharged by the plaintiff's discharge which entered on December 14, 1978 and discharged him of all dischargeable debts.

The defendant contends, however, that the section 328 referred to in section 402(d),

Title IV—Transition—of BRA is not the repealing section 328 contained in Title III—Amendments To Other Acts—of BRA, but is the section 328 found in Title I of BRA which provides for limitation on compensation of professional persons employed in bankruptcy cases. The fallacy of this contention is that (a) section 328 of Title I is not an amending section of BRA and (b) it refers to and incorporates in its application other sections of BRA which do not become effective until October 1, 1979 as provided by section 402(a) of Title IV—Transition—of BRA.

Section 402(d) provides that the "amendment" made by section 328 becomes effective on the date of enactment of BRA, i. e. November 6, 1978. The section 328 which repeals section 456(b) of the Social Security Act is found in Title III which is entitled "Amendments To Other Acts". Thus, this section 328 is an amendment to the Social Security Act which repeals section 456(b) of that Act. And it is this repealing amendment made by this section 328 which must be the amendment referred to in section 402(d).

This conclusion is buttressed by the provisions of section 523(a)(5) of BRA which become effective October 1, 1979 and which provide that a debt for alimony, maintenance and support which "is assigned to another entity, voluntarily, by operation of law, or otherwise" is discharged. The section 328 of Title III operates to make effective as of November 6, 1978 the dischargeability of a particular kind of debt which will also be dischargeable with debts of similar category on October 1, 1979 under section 523(a)(5). It demonstrates Congressional intent to make effective immediately what it considers salutary in the field of dischargeability of debts.

Further, the section 328 found in Title I of BRA is ineffective unless other sections of BRA referred to in it are in existence and incorporated in its application. And these other sections do not become effective until October 1, 1979. To say that Congress intended that a certain section of BRA take effect on November 6, 1978 when it could

not possibly become operative until October 1, 1979 when other sections of BRA upon which it depends became effective, is to ascribe to Congress a senseless intention.

It is, accordingly,

ORDERED AND ADJUDGED that judgment shall enter for the plaintiff that his indebtedness to the defendant is dischargeable and is discharged.

## ON REMAND *

By its memorandum of decision and judgment, both dated February 15, 1979, this court decided that the plaintiff's indebtedness to the defendant was dischargeable and was discharged. The debt was one for public assistance furnished to the plaintiff's former wife and his child. The former wife had executed an assignment to the State of Connecticut of all support rights, accrued, pending and continuing, which she had for her support and that of the child.

The defendant contended that this indebtedness was not dischargeable under section 402(a)(26) of the Social Security Act, 42 U.S.C. 602(a)(26) and section 456(b) of the Social Security Act, 42 U.S.C. 656(b) because these sections of the statutes rendered nondischargeable a debt for child support assigned to a State. However, this court held that section 456(b) which provided that such an assigned debt is not released by a discharge in bankruptcy had been repealed by Title III, section 328, of The Bankruptcy Reform Act of 1978 (BRA), and accordingly, it adjudged that the assigned debt was dischargeable and discharged.

The defendant appealed to the United States District Court from this judgment. The United States District Court remanded the action to Bankruptcy Judge Trevethan "for whatever proceedings, if any, he deems appropriate in view of the documents filed on this appeal, particularly the appellee's (plaintiff's) motion to define the issue on appeal". This bankruptcy court then issued an order on this remand (a) in which it was

stated that (1) on the appeal the appellant (defendant) sought to raise issues which the appellee (plaintiff) contended were not raised at the trial before the bankruptcy court; (2) it was the view of this court that all issues which are material to the disposition of this case should be heard and determined by the trial court; and (b) in which it was ordered that the defendant's attorney shall file with this court and with opposing counsel a statement setting forth the material issues which he requests this court to consider and resolve. The defendant filed a statement in which he set forth the following as the material issues for consideration and resolution by this court:

1. Whether if Section 456(b) of the Social Security Amendments of 1974 is repealed as of November 6, 1978 and such repeal is applicable to the present case, the Plaintiff's debt is non-dischargeable under the existing case law.

2. If Section 456(b) of the Social Security Amendments of 1974 is repealed as of November 6, 1978, whether such repeal affects the dischargeability of the Plaintiff's debt.

3. Whether the discharge of the State of Connecticut's claim will thwart state action in compliance with other federal statutes.

Hearing on remand was held at which the parties were represented by counsel.

This court reaffirms what was said in its memorandum of decision of February 15, 1979 that section 328 of Title III of BRA repealed section 456(b) of the Social Security Act which had rendered nondischargeable a child support obligation assigned to a State, and that this repeal became effective on November 6, 1978. From November 6, 1978 a debt for child support which had been assigned to a State is dischargeable and discharged by a discharge in bankruptcy granted to the debtor.

The defendant first contends that even if such repeal occurred and is applicable to this case then (a) the previously existing case law becomes applicable and (b) this law

* December 7, 1979—After *de novo* review of Judge Trevethan's decision T. F Gilroy Daley, U.S.D.J. found no error and the judgment below was AFFIRMED.

renders the debt owed to the defendant nondischargeable. In resolving this first contention it must be decided (a) if when Congress by its action rendered the indebtedness dischargeable after November 6, 1978 it meant exactly that and intended that the indebtedness thereafter is discharged, or (b) if it intended, by repealing a statute which had made a debt nondischargeable, to open Pandora's box to a flood of separate judicial determinations by federal and state courts as to whether or not such a debt was nondischargeable under section 17a(7) of the Bankruptcy Act as a debt for alimony, maintenance or support.

Under Section 8 of Article I of the Constitution of the United States, Congress is vested with the power to establish uniform laws on the subject of bankruptcies throughout the United States. It is elementary constitutional law that, when Congress has exercised a power delegated to it under the Constitution and has enacted a valid statute, that legislative act envelopes the subject which it covers. Its constitutional action cannot be negated by judicial pronouncement.

By its enactment of section 328 of Title III of BRA which repealed section 456(b) of the Social Security Act, Congress precisely and specifically rendered the plaintiff's indebtedness to the defendant dischargeable and discharged by discharge in bankruptcy. That became the bankruptcy law nationwide and no judicial action can destroy it. Congress meant and intended exactly what its legislative action provided. And what it said became the nation's law and is not to be circumvented or destroyed by judicial application of any case law which existed prior to congressional domination of the field.

It may here be observed that even if the foregoing were not so and if pre-existing case law could be revived and made applicable to the present question, this bankruptcy court has previously decided that such indebtedness as that of the plaintiff to the defendant is *not* nondischargeable under section 17a(7) of the Bankruptcy Act as a debt for alimony, maintenance or support.

*In re Rivino*, Bky. No. B–75–705, D. of Conn., 1979, *Rivino v. Edward W. Maher, Commissioner, Department of Social Services, a/k/a Connecticut Welfare Department*; *In re Kiluk*, Bky. No. B–74–385, D. of Conn., 1975, *George Conkling, Commissioner of Finance and Control v. Kiluk.*

The second contention of the defendant is that, even if section 456(b) of the Social Security Act was repealed, such repeal does not affect this case. He relies upon section 403(a) of Title IV of BRA which in effect provides that a case commenced under the Bankruptcy Act shall be conducted and determined under that Act as if BRA had not been enacted. This provision does not become effective until October 1, 1979 when BRA becomes effective except for those provisions of BRA which were expressly made effective as of November 6, 1978. This section 403(a) was not effective when this adversary proceeding was first resolved by this court and it is not yet an effective enactment.

Further, when Congress provided in section 402(d) of Title IV of BRA that the repealing section 328 of Title III shall take effect on the date of enactment of BRA which was November 6, 1978, it meant exactly what it said. As of November 6, 1978 section 328 repealed section 456(b) of the Social Security Act and then rendered child support obligations assigned to States dischargeable. Clearly, it could only apply to matters then pending under the existing Bankruptcy Act since BRA would not effectively exist until about eleven months after November 6, 1978.

It is difficult for this court to understand the defendant's argument which he makes in support of his foregoing contention asserted under section 403(a). But as best this court can express it, the argument is that, although Congress specifically repealed a section of the Social Security Act as of November 6, 1978, that repeal was without effect with respect to bankruptcy cases then pending because of a provision of BRA which would only become effective about eleven months later. This would then result in the impossible and illogical

concept that the repealing section 328 applied to no bankruptcy cases pending on November 6, 1978 and would not apply to any cases brought thereafter and until October 1, 1979. The ultimate then becomes that section 328 was a useless act of Congress of no force or effect. This analysis serves further to demonstrate the fallacy of the defendant's second contention.

The last contention of the defendant is that "discharge of the State of Connecticut's claim will thwart state action in compliance with other federal statutes". In view of what has already been here said, this court finds no merit in this generalized contention of obstruction of collection of indebtedness by the State. The bankruptcy law is designed to obstruct collection of all indebtedness except to the extent that certain specific types of debt are left nondischargeable and collectible.

It is, therefore,

ORDERED AND ADJUDGED that judgment shall enter reaffirming the judgment of this court dated February 15, 1979 for the plaintiff that his indebtedness to the defendant is dischargeable and is discharged.