PER CURIAM:
 

 The Commissioner of Administrative Services appeals from an order of the United States District Court for the District of Connecticut, T. F. Gilroy Daly, J., affirming a ruling of bankruptcy judge Robert E. Trevethan that Philip Alfred Blair was discharged from a $12,716.64 debt that he owed to the State of Connecticut. The only issue raised on appeal is whether the bankruptcy judge erred in ruling that Section 328 of Title III of the Bankruptcy Reform Act of 1978 (BRA), Pub.L.No.95-598, 92 Stat. 2549, was applicable to the instant proceeding. We hold that this ruling was correct, substantially for the reasons set forth in the opinion of bankruptcy judge Trevethan, dated August 27, 1979, 4 B.R. 14.
 

 Section 328 of Title III of the BRA repealed § 456(b) of the Social Security Act, 42 U.S.C. § 656(b), which provided that a child support obligation assigned to a state under 42 U.S.C. § 602(a)(26) is not dis-chargeable. in bankruptcy. Section 328 became effective on November 6, 1978, see § 402(d) of Title IV of the BRA, and it was therefore the applicable law here, since it was in effect at the time the dischargeability of the debt was determined. See, e. g.,
 
 In re Carter,
 
 32 F.2d 186, 188 (2d Cir. 1929). We agree with the bankruptcy judge that by enacting § 328 Congress intended to make a child support obligation assigned to a state immediately dischargeable and we therefore affirm the judgment of the district court.
 

 
 *70
 
 Under the circumstances, there is no need to discuss appellant’s other arguments, in-eluding his claim that such debts were non-dischargeable prior to the enactment of § 456(b) of the Social Security Act. Compare, e. g.,
 
 Williams v. Dept. of Social and Health Services,
 
 529 F.2d 1264 (9th Cir. 1976) with
 
 In re Kiluk,
 
 CCH Bankruptcy Law Rep. ¶ 65,681 (D.Conn.1975).