OPINION OF. THE COURT
Patricia D. Collins, J.
This is a motion by respondent for an order pursuant to CPLR 3212 dismissing a proceeding filed by the Nassau County Department of Social Services with prejudice on the grounds that respondent has an absolute defense to the proceeding due to a discharge in bankruptcy of the debt allegedly owed to Nassau County Department of Social Services, and is defending against the violation petition filed by the department interposing a defense that the arrears of $1,505 were discharged in bankruptcy.
Respondent filed a petition for bankruptcy in the United States District Court for the Eastern District on August 16, 1979. The debt due the Department of Social Services was included in the bankruptcy petition. The Department of Social Services received notification of the proceeding.
On February 4, 1981 the respondent was granted a discharge in bankruptcy.
The petitioner opposes this motion on the ground that under the Bankruptcy Reform Act of 1978 a debt which is a *419 child support obligation would be exempted from discharge unless such debt was assigned to another entity.
The petitioner states that it was not the practice of the department to take assignments before the year 1976 and the case in question was closed by the department on or about September 30, 1970. Therefore, inasmuch as the support debt was not assigned to the Department of Social Services, it does not fall within the exception in the statute. The petitioner, therefore, concludes that the obligation was not discharged in bankruptcy on February 2,1981 and remains a viable obligation owed by the respondent to the petitioner.
All debts scheduled in a bankruptcy petition are discharged upon the granting of a discharge in bankruptcy, except for specific types of obligations, which are, by statute, exempt from discharge. The classification of a debt for support of a spouse, former spouse, and children that has been assigned to the Department of Social Services has changed several times in the past decade. Section 602 (subd [a], par [26], cl [A]) of title 42 of the United States Code, effective August 1, 1975, provided that a State plan for aid and services to needy families with children must require each applicant: “to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed”.
Section 656 (subd [b]) of title 42 of the United States Code provided further that: “A debt which is a child support obligation assigned to a State under section 602 (a) (26) of this title is not released by a discharge in bankruptcy under the Bankruptcy Act.” (Emphasis added.)
Such section was also effective August 1, 1975.
However, effective November 6, 1978, section 656 (subd [b]) of title 42 of the United States Code was repealed and, based on the absence of statutory exemption, support debts due the State became dischargeable in bankruptcy. (Bankruptcy Reform Act [BRA], Pub L 95-598, tit III, § 328; Matter of Blair, 4 BR 14.) Further, pursuant to the Bankruptcy Code, effective October 1, 1979, section 523 (subd *420 [a], par [5]) of title 11 of the United States Code provided that a discharge in bankruptcy does not discharge a debtor from a debt:
“to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that —
“(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise”.
Effective August 13, 1981, section 523 (subd [a], par [5]) of title 11 of the United States Code was amended so that a support debt assigned to the State was exempted from discharge. Therefore, from November 6,1978 until August 13, 1981, only support debts owed directly to a spouse or dependent were exempt from discharge in bankruptcy. Since section 523 of title 11 of the United States Code “expressly makes nondischargeable alimony, maintenance or support owed directly to a spouse or dependent and permits the dischargeability of such obligations if assigned to another entity, either voluntarily or by operation of law * * * [a] debt owed to the State of Connecticut for the public assistance it furnished the debtor’s family is one which is not owed by the debtor directly to a spouse or dependent, but reflects instead an obligation in favor of the State by operation of law. As such it is expressly excluded from nondischargeability status by Code § 523 (a) (5) (A).” (Matter of Dobbs, 7 BCD 39, 40, CCH Bankruptcy L Rptr, par 67718.)
The date of the filing of a petition in bankruptcy is the date which determines the law which is applicable to the petition. Respondent filed a petition in bankruptcy on August 16, 1979. On that date there was no statutory exemption excluding a support debt owed to the State from dischargeability. The Department of Social Services submits that prior to the afore-mentioned directive in section 602 (subd [a], par [26]) of title 42 of the United States Code, effective in 1975, requiring assignment of support rights, the Nassau County Department of Social Services did not take such assignments. Therefore, the arrears due the Department of Social Services are exempt from discharge *421 by section 523 (subd [a], par [5]) of title 11 of the United States Code, which exempts from nondischargeability support debts “assigned” to another entity. This argument is unpersuasive on two grounds. Firstly, section 415 of the Family Court Act, currently and in 1968 when the original support order was made naming the Department of Social Services beneficiary, provides that a spouse or parent of a recipient of public assistance is responsible for the support of such person. By operation of law, the right to support from a spouse or parent of a person receiving assistance is assigned to the Department of Social Services and, thereby, the Family Court is empowered to order a parent or spouse to pay support to the Department of Social Services as beneficiary.
Secondly, whether or not there was an actual assignment or assignment by operation of law is irrelevant. According to the law applicable at the time of respondent’s bankruptcy petition, only support owed directly to a spouse or dependent was excluded from discharge. The House Judiciary Report (House Report No. 95-595, to accompany HR Bill No. 8200, 95th Cong, 1st Sess [1977], pp 363-365) states: “Paragraph (5) [of section 523 (subd [a]) of title 11 of the United States Code] excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of the spouse or child. This language, in combination with the repeal of 42 U.S.C. Section 656 (b), will apply to make non-dischargeable only alimony, maintenance or support owed directly to a spouse or dependent.”
Clearly, it was the intent of Congress from November 6, 1978 until August 31,1981 that debtors who filed petitions in bankruptcy during that period be granted a discharge of a support obligation owed the State based on the extension of financial assistance to the debtor’s family.
Assuming, arguendo, that petitioner is correct and there never was an assignment of the money, then it must be characterized as a debt owed by the respondent to the Department of Social Services. As a debt, it was properly discharged in bankruptcy, as respondent listed it as such in his schedule of creditors in his bankruptcy petition.
*422 Furthermore, if the Department of Social Services claims that this money has not been assigned to it or that it is not a debt due and owing the department, it has no standing to bring this action, as it cannot pursue a debt that is not owed to it.
Respondent’s petition should be granted and the arrears due the Department of Social Services canceled, based on the discharge in bankruptcy. The violation petition filed by the Department of Social Services should be dismissed.
This decision is in no way determinative of any moneys which Vera Sebastiano may claim to be due and owing to her.