In re James Bernard DAIKER, Debtor.

Kathleen FRITZ, Plaintiff,

v.

James Bernard DAIKER, and Brian C. Southwell, Trustee in Bankruptcy, Defendant.

Bankruptcy No. 3–79–1517.
Adversary Proceeding No. 80–0012.

United States Bankruptcy Court,
D. Minnesota,
Sixth Division.

July 28, 1980.

Keith A. Dunder, St. Cloud Area Legal Services, St. Cloud, Minn., for plaintiff.

Mark R. Jensen, Sauk Rapids, Minn., for defendant.

## MEMORANDUM DECISION

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the Court on Plaintiff's Complaint alleging that certain debts which the Defendant-debtor seeks to discharge in bankruptcy are excepted from discharge on the grounds that they constitute support and maintenance within the meaning of § 523(a)(5) of the Bankruptcy Reform Act of 1978. Defendant answered the Complaint, denying that the disputed debts came within the scope of the exception of § 523(a)(5). The parties to this action agreed at pre-trial to submit the matter on a stipulation of facts and memoranda. The stipulation of facts was filed

1. Co-signed by Debtor's divorced spouse and Diane Pierskalla.

herein on March 28, 1980. Both parties have submitted memoranda.

The Judgment and Decree entered in the marriage dissolution proceeding in Stearns County, Minnesota, state court between the parties herein is considered by this Court to be a part of the record in these proceedings. The said Judgment and Decree is before this Court as an attachment to the Plaintiff's complaint.

It appears from the Judgment and Decree, and Plaintiff's Memorandum, that the parties had entered into a stipulation prior to, and as a part of, the dissolution proceedings and that it was taken into consideration by the state court in making its final findings of fact and final judgment and decree. This stipulation has not been offered by either party as a part of the record in the matter now before this Court. The state Court's findings of fact have, likewise, not been made a part of this Court's record. Thus, the only evidence before this Court is the Judgment and Decree of the Stearns County, Minnesota court and the filed stipulated facts.

Plaintiff Kathleen Fritz, formerly Kathleen Daiker, and the Defendant, James Daiker, were married May 20, 1969. A Judgment and Decree dissolving that marriage was entered on September 24, 1979. Less than two months later, on November 5, 1979, the husband filed his petition in bankruptcy. The petition listed thirty-five debts, including the three debts which the parties in this action have stipulated as being the only ones before this Court for a determination of dischargeability. The parties have stipulated that the three debts are to the St. Cloud Federal Employees Credit Union ($4,700.00),[1] Master Charge ($200.00), and the Women's and Children's Medical Center, P.A. ($290.00), and that they were incurred in purchases of autos, furniture, gasoline, transportation, medical services and miscellaneous household items during the time the parties were married to each other. It appears from the Debtor's schedules that all thirty-five debts totalled

$9,743.00 and that they all were incurred during the course of the marriage.

The Plaintiff, the former spouse, contends that the Debtor is bound to pay the three stipulated obligations, which would otherwise be dischargeable, by reason of the non-dischargeability provisions of Section 523(a)(5) of the Bankruptcy Code. This section, entitled "Exceptions to Discharge", relates to debts "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement . . ." Plaintiff's contention here is that the Defendant's assumption of joint debts ordered by the decree of dissolution and his obligation to "hold harmless and indemnify" his divorced spouse, also ordered by the decree, are in the nature of support for the parties' children and so is excepted from the operation of the Defendant's discharge in bankruptcy.

As noted above, the parties to this action entered a stipulation in the divorce proceeding and Plaintiff, in her brief, page 7, states that the dissolution decree is based upon that stipulation. The Court assumes from reading the Judgment and Decree that the state court incorporated that settlement agreement in its Judgment and Decree, which provided for the dissolution of the marriage, the custody of the children, visitation rights, payment by the husband of $75.00 per month per child for their support, hospitalization insurance for the children's benefit, the exclusive use, possession and ownership of personal property items then in each respective parties' possession, and a further division of the property by granting to the wife the colored T.V. and to the husband an automobile. Additionally, the decree provided that each party would pay their own attorneys' fees and costs, that the wife would assume responsibility for certain debts of the parties and that the husband would assume sole obligation of the remaining debts of the parties, including the three debts specifically identified in the stipulation of facts filed in this proceeding. The decree further provided that the husband was to "hold harmless and indemnify" the plaintiff in the event that any creditor pursues his ex-spouse on any of these debts.

In a paragraph separate from any of the above, the decree provides that both parties waive any right each may have to maintenance now or in the future.

Although the concepts raised in this proceeding have been the subject of much litigation in other cases under the former Bankruptcy Act, § 17(a)(7), the decision here must be determined in light of the Bankruptcy Reform Act of 1978, which made significant changes in the former law as it related to the non-dischargeability of certain debts relating to alimony, support and maintenance.

In court cases under the old Act, much confusion was generated because, in deciding whether a particular debt of the bankrupt-divorced spouse qualified as alimony, maintenance or support so as to be non-dischargeable in bankruptcy, the Bankruptcy Court was confronted with two conflicting policy considerations, that of requiring the bankrupt to fulfill obligations to his ex-wife arising out of the broken marriage contract and that of giving the bankrupt a fresh start unencumbered by the burdens of pre-existing debts arising from other contracts. Lee, Joe, Commentary: In re Waller, *American Bankruptcy Law Journal*, vol. 50 (Spring 1976). Although, after the 1970 amendment to the Bankruptcy Act, a body of federal law developed in the Bankruptcy Courts regarding the dischargeability of alimony and maintenance obligations in bankruptcy matters, because of the application of varying state standards and definitions, reported federal case law evidenced varied and inconsistent results. It was appropriate that Congress address this problem and it did so in the enactment of Public Law 95–598 (Bankruptcy Reform Act of 1978, Section 523(a)(5)).

The parties to this proceeding have made sufficient reference to the legislative background and Congressional intent with respect to Section 523(a)(5). It would be academic to review that background in its entirety, but suffice it to say that it is very

clear that Congress intended that the kinds of debts to be excepted from the debtor's discharge are very restricted and questions relating thereto are to be determined within the framework of federal law. Case authority cited by the parties and relying on the interpretation of state laws are, consequently, inapposite.

Where parties characterize a debt as alimony, support or maintenance, the Court, under the Bankruptcy Reform Act, Section 523(a)(5), must first determine if the debt is payable directly *to the spouse*; if it is not, then it is dischargeable no matter how the parties characterize it.[2] Not only are labels insufficient to make a debt non-dischargeable, in the instant case the debts in question bear no labels. The state court decree merely identifies all the remaining debts of the parties and orders that the Defendant assume all obligation for them; further, the decree does not direct the Defendant to pay the amount directly to his former spouse. Consequently, the debts here in issue do not meet the statutory requirement that they be payable to the spouse in order to be held non-dischargeable and are, therefore, dischargeable as a matter of law.

Apart from the debts themselves, Plaintiff urges that the Debtor's obligation under the dissolution decree *to indemnify* the Plaintiff for any liability resulting from the debts constitutes maintenance or support in and of itself and is, therefore, not dischargeable. An obligation to hold a spouse harmless from certain debts may be considered an obligation subject to the non-dischargeability provisions of § 523(a)(5), but whether it is or not must, again, be determined by the Bankruptcy Court within the framework of federal law and must be consistent with the fresh start goal of the Bankruptcy Act. Because there can be an obligation to pay support and maintenance implicit in a decree if a court so provides, it is necessary and appropriate for this Court to examine the circumstances behind the language of the dissolution decree to discern, if possible, the actual intention of the state court.

Bankruptcy Courts have generally held that the entire record may be reviewed in order to determine whether or not the provisions for payment of debts is related to the settlement of the property rights or to alimony or maintenance and child support payments. The specific language of a court decree, property settlement agreement or a separation agreement as incorporated by the court decree is to be given a certain weight. Likewise, if the stipulation of the spouses were before the Court, it too could be examined for the same purpose, i. e., to determine their intent.

Before reviewing the record, the role of the Bankruptcy Court in a debt-discharge proceeding such as this must be clearly understood. It is a basic premise that this Court does not have de novo jurisdiction; the Court is not to consider the rights or equities of the parties with a view toward modifying or creating the rights which were established by the dissolution decree itself.

The only record before this Court consists of a copy of the dissolution decree, the stipulated facts as noted above, and the additional stipulated fact that the former wife's monthly income is $545.00 per month. Taking that which has been submitted to the Court for consideration, this Court is unable to say that the record conclusively reveals the intent of the state court in

2. "Section 523(a)(5) is a compromise between the House bill and the Senate amendment. The provision excepts from discharge a debt owed to a spouse, former spouse or child of the debtor, in connection with a separation agreement, divorce decree, or property settlement agreement, for alimony to, maintenance for, or support of such spouse or child but not to the extent that the debt is assigned to another entity. If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such debt is dischargeable to the extent that the payment of the debt by the debtor is not actually in the nature of alimony, maintenance or support of debtor's spouse, former spouse, or child." *Congressional Record*, 95th Congress, vol. 124, no. 154, H 11096 (Sept. 28, 1978).

including the disputed provision in paragraph 12 of the dissolution decree. Federal law, therefore, determines whether the state court's decree that the Debtor undertake to indemnify and hold harmless the ex-spouse as to all debts (or just the three stipulated to) is in the nature of support or maintenance of the children of the parties, or is in the nature of a property settlement. The waiver of the spouse to maintenance in paragraph 5 of the divorce decree eliminates consideration of this issue.

Further, there is no indication in the record that the disputed provision in the dissolution decree was intended to somehow balance the relative incomes of the parties. Plaintiff argues that her income would be inadequate to support and maintain the children if she were required to pay the bills and, therefore, the state court must have intended this save harmless and indemnify provision to be for support and maintenance, a supplement to the $225.00 per month payment for the support of three children as provided in paragraph 4 of the dissolution decree.

Indeed, if the $225.00 support payment is added to the $545.00 income of the wife, her monthly income is approximately $800.00. Deducting the support payment to the children from the husband's income, set out in the Debtor's petition and schedule, brings the monthly income of both parties about even. So the argument that the state court decreed a save harmless agreement to the wife, because of the relative incomes, fails. Additionally, presenting evidence bearing upon the relative equities of the parties' economic positions by including facts relating to the present income of one of the parties addresses an issue beyond that which this Court must determine; such proof is more relevant to the modification of the state court's decree and should be addressed to the proper forum, the Stearns County Court.

It should be noted that the obligation to save and indemnify the wife for bills incurred during marriage can hardly be said to directly benefit the children. On the contrary, upon the record here it appears to the Court that to require the husband to pay those bills may adversely affect his ability to pay the support and maintenance which the divorce court did clearly provide for. The divorce decree provides for distribution of marital property, whereby each party is awarded some of the mutual possessions and incurs some of the mutual debts. Debts assumed by reason of such a property settlement are dischargeable in bankruptcy.

Finally, it should be noted that the instant debts were initially incurred as incidents of the marital relationship. They were incurred by both the husband and wife and both were obligated by them. This characteristic, i. e., that the debts were joint obligations when incurred, is not altered by the dissolution decree. Although the state court may give paramount consideration to the division of property, obligations, maintenance and support, it is the concern of this Court that the debtor is released from all obligations and to provide him with a fresh start free of those obligations. The concern of this Court is not altered by the severing of the marital relationship; indeed, this Court can provide relief for the wife as to those debts jointly incurred just as it has provided relief for her former husband. Essentially, it would be contrary to the primary goal of this Court to provide relief to a debtor if this Court were to accede to the state court interest in the division of marital assets and obligations, maintenance and support, and to deny the debtor his fresh start simply because his former wife chose not to seek the same relief on her own behalf. It is only in those cases when it is clearly discernible that the divorce court intended to award support or maintenance to spouse or child that this Court should set aside the policy of "fresh start" in the Bankruptcy Code in favor of the state court's judgment of necessity and need for spouse or child.

Under the circumstances of this case and upon the record, the Court concludes that the Plaintiff has failed to sustain her burden of proof and the obligation imposed upon the Debtor to save harmless and in-

demnify his ex-spouse was not intended by the state court to be support and maintenance for the children and the debts themselves not being payable directly to the wife are, as a matter of law, dischargeable debts.

Accordingly, IT IS ORDERED that the Plaintiff's complaint be and the same is hereby dismissed.

This memorandum and decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.