In the Matter of Monte Samuel **TOPE**, Debtor.

Emily S. **TOPE**, Plaintiff,

v.

Monte Samuel **TOPE**, Defendant.

Bankruptcy No. 3–80–0400.
Adv. No. 3–80–0148.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Nov. 26, 1980.

John R. Butz, Springfield, Ohio, for defendant.

Thomas J. Grady, Springfield, Ohio, for plaintiff.

Paul D. Malina, Springfield, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for disposition of the plaintiff's complaint to determine the dischargeability of certain debts of the above debtor. The following decision is based upon the Court's Pretrial Order, the evidence adduced at the trial held August 15, 1980 and the parties' post–trial memoranda.

Monte S. Tope, the above defendant, filed his petition for relief under Chapter 7 of Title 11 United States Code on February 21, 1980. He has listed $1,700.00 of priority claims, approximately $11,000.00 of secured claims and approximately $10,400.00 of unsecured claims. There is no real property in the estate, however the debtor has listed $24,253.00 worth of personal property.

The debtor and Emily S. Tope, the within plaintiff, were formerly husband and wife, their marriage having been dissolved by Decree of the Common Pleas Court of Champaign County, Ohio dated July 18, 1979. As part of the Decree of Dissolution and incorporated by reference therein was

the parties' Separation Agreement dated June 8, 1979. In that agreement, the within debtor agree to relinquish certain property rights to the plaintiff, pay certain of the couple's joint debts and hold the plaintiff harmless from liability on said debts.

The dispute presently before the Court has arisen because the debtor is now attempting to obtain a discharge in bankruptcy from liability for several of the debts provided for in the Separation Agreement. The plaintiff contends that such debts are nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5) because the debtor's agreement to pay them and hold the plaintiff harmless is in the nature of alimony, support and maintenance of the plaintiff. In opposition, the defendant contends the liabilities are dischargeable pursuant to 11 U.S.C. § 523(a)(5)(B) because the payments on the plaintiff's behalf were intended to be in the nature of a division of property rather than alimony, support or maintenance. In addition to this claim, the plaintiff contends that the defendant is liable for reimbursing her for several payments she made to creditors during the parties' marriage because these creditors were among those listed in the Separation Agreement for which he was to hold the plaintiff harmless.

Recently, in the case of *Sturgell v. Sturgell, Adv. No. 3–80–0348*, this Court treated the issue of the dischargeability of a debtor's obligation in connection with a separation agreement and dissolution to assume responsibility for payment of a spouse's debts or marital debts. We find that our analysis of the law in that case is on point with the legal question presented in the case at bar. Thus, presently, we are faced with the task of applying the facts in this case to the law as set forth in *Sturgell v. Sturgell, supra.*

As of the time of their dissolution, the parties had been married for twenty–four years. One child was born of this marriage; but, because the child had reached majority at the time of dissolution, the defendant has no obligation to pay child support to the plaintiff, and the agreement does not contain any contractual obligation for him to do so.

Paragraph two of the Separation Agreement indicates the parties owned certain furniture, equipment and appliances which the husband conveyed and assigned to the wife. He agreed to pay any mortgage indebtedness encumbering the property and further agreed to hold the wife harmless from liability on such indebtedness.

Paragraph three states the parties owned real estate known as 5052 Valley Pike, which real estate was mortgaged to Springfield Federal Savings and Loan Association. The husband conveyed all of his right, title and interest in the property to the wife and agreed to pay the mortgage payments, utility expenses, telephone bill, real estate taxes and insurance. The wife agreed to continue to occupy the house; however, she further agreed to make her best effort to sell the property and pay–off the mortgage.

Paragraph four shows that the wife was the owner of a 1972 automobile and that the husband waived all claim or interest in said auto; nevertheless, the husband agreed to pay any repair expenses due at that time. The husband was the owner of an IHC Scout and a 1972 International Harvester tractor; however, the wife agreed to waive all claim or interest in the said vehicles. The husband agreed to pay any mortgage indebtedness on his vehicles and hold the wife harmless therefrom.

Paragraph five contains the provisions which precipitated the adversarial matter herein. The husband thereby agreed to pay the then existing indebtedness owing by the parties to the creditors listed in that paragraph. The crucial language of the paragraph states that "notwithstanding the filing of any proceeding in bankruptcy by the husband, he shall indemnify and hold the wife harmless from any of the above listed debts should any of said creditors collect money from her."

Paragraph six contains the parties' agreed terms for periodic alimony for the wife. The terms of that paragraph have been stipulated in the present matter; consequently, we hold that paragraph six cre-

ated an obligation from the husband to the wife for periodic alimony and that such obligation is nondischargeable in bankruptcy.

In paragraph seven, the husband agreed to pay for the dental care then needed by the wife and also offered to help the wife pay for any medical or doctor bills she would incur in the future, to the best of his ability.

Paragraph eight is not relevant to the matter before the Court.

The debtor agreed, at paragraph nine, to reimburse the wife for a $600.00 bill she paid during the marriage. This is the only paragraph mentioning the possibility that the wife would be reimbursed for bills she paid during the marriage.

Paragraph ten contains the terms and conditions the parties agreed to regarding their respective property rights; it contains the covenants of each to be forever barred from claiming any rights in the other's property.

Finally, paragraph eleven states that the parties released each other from any obligations for support and maintenance other than those set forth in the Separation Agreement.

█ The contents of paragraphs two, four and ten clearly show that the parties' objective was to spell–out their respective rights in the items of property mentioned. Consequently, we find that the promises contained in those paragraphs constitute a division of the parties' property, and the obligations resulting therefrom are dischargeable in bankruptcy. The husband's promise to hold the wife harmless does not automatically transform a division of property into a promise to provide alimony, maintenance or support. *See* 11 U.S.C. § 523(a)(5)(B), *Sturgell v. Sturgell, Supra*, and 124 Cong.Rec. H 11,095–6 (Sept. 28, 1978); S 17,412–13 (Oct. 6, 1978).

█ We further find that the plain import of paragraphs three and six is to provide alimony, maintenance and support for the plaintiff. The husband's promise to pay the monthly mortgage, utilities, property taxes and insurance coupled with the wife's unemployed status intrinsically would support and maintain the wife until the time she sold the real estate. At that point, presumably, she would receive the equity in the home as a lump sum amount for support and maintenance. As stated above, it has been stipulated by the parties that paragraph six does provide periodic alimony for the plaintiff. The obligations arising out of these paragraphs are nondischargeable in the debtor's bankruptcy.

The nature of the provisions of paragraph five is not as clear cut as those of the above paragraphs. Accordingly, we must look to the facts and circumstances influencing the parties at the time they created the Separation Agreement in order to determine the character they intended for said provisions. The record shows that the parties had been married for twenty-four years as of their separation. We do now know whether the plaintiff had ever worked during that time, but we do know that she was unemployed when they separated. There was one issue of this marriage, a daughter, who had reached the age of majority as of the time of the agreement. Consequently, no child support was required from the debtor. The parties agreed that the husband would provide the wife with periodic alimony for a sum certain to be increased at a point in time in the future. Finally, the parties agreed that, notwithstanding his filing a petition in bankruptcy, the husband would hold the wife harmless from liability on all the debts listed in paragraph five of the agreement.

█ Based on these facts and circumstances, we find that the parties' intent with regard to the provisions of paragraph five was to provide the wife with additional alimony, support and maintenance in the form of economic security resulting from the husband's promise to hold the wife harmless on the subject debts. We believe that the financial status of the parties at the time of the agreement supports this conclusion. Also although we do not consider the husband's promise that "notwith-

standing the filing of any proceeding in bankruptcy .... he shall indemnify and hold the wife harmless" from these debts as a waiver of his right to a discharge, we do consider his agreeing to that term as evidence that he wanted the obligation to be in the nature of support.

Our finding that the obligations in paragraph five are nondischargeable as alimony, maintenance and support must be read in conjunction with our findings regarding paragraphs two, four and ten. Consequently, any debt listed in paragraph five which is a duplication of any debt listed in paragraphs two, four and ten will retain its character as an obligation resulting from the division of the parties' property and, therefore, will not be considered nondischargeable as alimony. Accordingly, we find that the obligations arising out of the promises in paragraph five are nondischargeable except to the extent they are duplications of the obligations contained in paragraphs two, four and ten.

■ The plaintiff asks the Court to find the defendant liable to her for reimbursement of certain payments she made on the parties' joint debts and the defendant's debts as evidence by Plaintiff's Exhibits 1 through 21. An examination of these payments shows that the plaintiff made them during the time the parties were still husband and wife. We find that the plaintiff's claim for reimbursement of any debts she may have paid during the marriage is merely a general claim against the bankruptcy estate. We do not agree that the defendant's obligation created by the Separation Agreement should extend retroactively to payments made prior to the time the parties entered into the agreement.

■ Further, the only mention in the Separation Agreement of the husband's reimbursing the wife is at paragraph nine which provides that the defendant would reimburse the plaintiff for a $600.00 payment she made during the marriage. We find the terms of paragraph nine constitute the debtor's promise to repay a debt to the plaintiff, and said promise is not in the nature of alimony, maintenance or support.

It is, therefore, *ORDERED, ADJUDGED AND DECREED* that any claim against the debtor arising out of paragraphs two, four, nine and ten of the Separation Agreement is dischargeable in bankruptcy because it is not in the nature of alimony, support or maintenance; it is further

*ORDERED, ADJUDGED AND DECREED*, that any claim against the debtor arising out of paragraphs three, five and six is nondischargeable in bankruptcy because they are in the nature of alimony, support or maintenance; except, however, that any claim arising out of paragraph five which is a duplication of a claim arising out of paragraphs two, four, six and ten shall retain its dischargeable character.