In re Virgil Eugene CLEVELAND, Debtor.

Maythol D. CLEVELAND, Plaintiff,

v.

Virgil Eugene CLEVELAND, Defendant.

Bankruptcy No. 180–00017.
Adv. No. 180–0006.

United States Bankruptcy Court,
D. South Dakota.

Jan. 9, 1981.

---

Max Gruenwald, Milbank, S.D., for plaintiff.

Glenn E. Fisher, Webster, S.D., for defendant.

PEDER K. ECKER, Bankruptcy Judge.

Virgil Eugene Cleveland, a Chapter 7 Debtor, is the divorced spouse of Maythol D. Cleveland, Plaintiff, who filed a Complaint to determine the dischargeability of various debts. Plaintiff's Complaint alleged that the state court divorce decree ordered Debtor to pay various individual debts and to indemnify Plaintiff in the event she was ever required to pay any of the debts. Plaintiff requested the Court to find that the various individual debts are excepted from the discharge under 11 U.S.C. Section 523(a)(5). Debtor's Answer admitted the divorce but alleged that the terms of the divorce decree provided no exception to discharge of indebtedness in bankruptcy. Debtor requested the Court to dismiss the Complaint.

The Court held a hearing and took the matter under advisement. This Bankruptcy Court makes the following findings of fact and conclusions of law based upon the pleadings and evidence presented at the hearing.

## FACTS

On September 5, 1979, the Circuit Court for the Fifth Judicial Circuit, State of South Dakota, entered a Judgment and Decree of Divorce in the case of *Maythol D. Cleveland vs. Virgil E. Cleveland.* At the divorce hearing held before the state court, counsel entered into an oral stipulation. Based on the divorce hearing, the oral stipulation, Findings of Fact and Conclusions of Law, and other considerations, the state court granted Maythol Cleveland a divorce from Debtor upon the grounds of extreme mental cruelty and physical cruelty. At the time of the divorce the parties had four grown sons.

The state court divorce decree awarded the marital home to Plaintiff and required Debtor to pay the balance of the real estate mortgage, the real property taxes until the mortgage was paid, and the utility bills up to the date of the divorce hearing. The divorce decree then provided for a division of the personal property. Following the division of the property, the divorce decree recited:

"Defendant shall be responsible for payment of all debts and obligations incurred by the parties hereto up to and including the date of this hearing, including but not limited to the following: Avco Financial Services, Herberger's, Rushmore Insurance Company premiums, all utility bills, Montgomery Ward, Hoverstadt Electric, Nash 66 Service Station, Watertown Monument Company, Halbkat Drug, Dr. Arnath, Milbank Clinic, Credit Management, Inc. Collection Agency, Problems in Living Counseling Center, Dr. Hyland, Dr. Vogelgang and Fiksdal Furniture. Defendant shall indemnify the Plaintiff in the event Plaintiff is ever required to pay any of the foregoing obligations."

Plaintiff testified that the parties agreed that Debtor would pay the debts instead of monthly support payments. However, the divorce decree contained no mention of the reason the state court required Debtor to pay the debts. Without the Findings of Fact and Conclusions of Law entered by the state court in the divorce proceedings, this Bankruptcy Court is left in the dark as to what the parties' and the state court's intentions were in requiring Debtor to pay the individual debts and to indemnify Plaintiff in the event she was ever required to pay any of the debts.

This Bankruptcy Court finds that the following debts were incurred prior to the divorce hearing and are debts for which Plaintiff could be held liable: (1) $30.92 to Janish Motor Company for purchase of gas (Exhibit 1); (2) $117.00 to Fiksdal Furniture (Exhibit 2); (3) $245.00 to D & D Investment Co. for purchase of hand massager and accessories (Exhibit 4); (4) AVCO Financial Services accepted $1,000.00 from Plaintiff in full satisfaction of a $3,500.00 debt secured by household goods (Exhibit 5); (5) $48.59 to Otter Tail Power Co. for

water heater (Exhibit 6); (6) Plaintiff paid $35.00 to Dr. Hyland for medical services (Exhibit 9); (7) $159.60 to Northwestern Public Service for electric heaters and thermostats for the marital home; (8) $323.54 to Red Owl in Waubay; (9) $409.14 to Herberger's; (10) $147.82 to Elevator Store in Webster; and (11) $204.34 to Petroleum Equipment Co. (Exhibit 2), which Plaintiff has paid.

The $72.00 owed to Day County Medical Center (Exhibit 11) for an office visit and services done on November 9, 1979, was incurred after the divorce decree.

Although the following debts were incurred prior to the divorce decree, this Bankruptcy Court finds that Plaintiff is not liable for the following debts: (1) $1,239.10 owed to Montgomery Ward (Exhibit 10). The account is only in the name of Virgil Cleveland. There is nothing in the record to indicate that Plaintiff would be liable for a bill listed only in Debtor's name; and (2) $200.00 to Watertown Monument Co. for burial markers. Debtor purchased the markers on his own. If he wishes to return them in satisfaction he may do so. In any event Debtor is the only one liable on the debt unless Plaintiff takes action to purchase the markers on her own.

In the spring of 1980, Plaintiff sold the marital home in order to pay bills. Neither of the parties' financial condition has changed since the divorce.

### ISSUE

Whether the individual debts are excepted from the discharge as debts that are in the nature of alimony to, maintenance for, or support of a former spouse in connection with a divorce decree.

11 U.S.C. Section 523(a)(5) provides in part that,

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance, or support;".

The House Judiciary Committee, commenting on Section 523(a)(5), stated,

"What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law. Thus, cases such as In re Waller, 494 F.2d 447 (6th Cir. 1974); Hearings, pt. 3, at 1308–10, are overruled, and the result in cases such as Fife v. Fife, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement. See Hearings, pt. 3, at 1287–1290." (H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) at 364, U.S.Code Cong. & Admin.News 1978, p. 5787.)

This Bankruptcy Court must first determine whether the paragraph in the divorce decree requiring Debtor to pay the various debts and to indemnify Plaintiff is in the nature of a property settlement clause or an award of alimony, maintenance or support to Plaintiff.

At a hearing held by the state court to decide whether the divorce should be granted, the parties entered into an oral stipulation. Based on that hearing, the oral stipulation, Findings of Fact and Conclusions of Law, and other considerations, the state court granted Plaintiff a divorce upon the grounds of mental and physical cruelty. In the divorce decree the state court granted Plaintiff the marital home and required Debtor to continue making the house mort-

gage payments, to pay the real property taxes until the mortgage was paid, and to pay the utility bills for the house up to the date of the hearing. Further, the state court divided the personal property and then ordered Debtor to pay the various debts and to indemnify Plaintiff in the event she was ever required to pay any of the debts.

At the hearing held by this Bankruptcy Court, counsel did not introduce into evidence the state court's Findings of Fact and Conclusions of Law, nor did counsel apprise the Court as to the nature of the oral stipulation entered into by the parties at the divorce hearing.

It is the experience of this Bankruptcy Court that South Dakota courts usually award alimony, maintenance or support to the complaining party where the divorce is granted upon the grounds of mental and physical cruelty. When the facts are considered in light of Plaintiff's uncontradicted testimony that the parties had agreed that Debtor, instead of being required to make monthly support payments, would pay the various debts and indemnify Plaintiff in the event she was ever required to pay any of the debts; this Bankruptcy Court is of the opinion that the parties and the state court intended the paragraph requiring Debtor to pay the various debts and to indemnify Plaintiff as an award to Plaintiff in the nature of maintenance and support, and not as a property settlement clause.

Absent any other record, this Bankruptcy Court holds that the paragraph in the divorce decree requiring Debtor to pay the various debts and to indemnify Plaintiff is an award by the state court of maintenance and support to Plaintiff, and any debt covered by the divorce decree for which Plaintiff is legally obligated to pay or has been forced to pay is excepted from Debtor's discharge under 11 U.S.C. Section 523(a)(5).

In accord with the above, this Bankruptcy Court holds that the following specific debts are excepted from Debtor's discharge: (1) $30.92 to Janish Motor Co., (2) $117.00 to Fiksdal Furniture, (3) $245.00 to D & D Investment, (4) $1,000.00 to Plaintiff who was forced to pay AVCO Financial Services $1,000.00 to satisfy a $3,500.00 debt, (5) $35.00 to Dr. Hyland, (6) $323.54 to Red Owl in Waubay, (7) $409.14 to Herberger's, (8) $147.82 to Elevator Store in Webster, and (9) $204.34 to Plaintiff who paid the debt owed to Petroleum Equipment Co.

This Bankruptcy Court further holds that any liability Debtor has for the following specific debts is discharged: (1) $72.00 owed to Day County Medical Center (services rendered after divorce); (2) $1,239.10 owed to Montgomery Ward (account in Debtor's name only); (3) $200.00 owed to Watertown Monument Co.; (4) $48.59 to Otter Tail Power Co. (When Plaintiff sold the home the water heater went with the house. Plaintiff should have paid for the water heater out of the proceeds from the sale of the house.); and (5) $159.60 owed to Northwestern Public Service for electric heaters and thermostats (The heaters and thermostats went with the house when Plaintiff sold it. Plaintiff should have paid the debt out of the proceeds from the sale of the house.).

Debtor's Counsel shall submit an Order consistent with the foregoing. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law.