In re James FRENCH, Debtor.

James FRENCH, Plaintiff,

v.

Stafford W. PRANTE, Defendant.

Stafford W. PRANTE,
Cross-Complainant,

v.

James FRENCH, Cross-Defendant.

Bankruptcy No. 80–02793–K.
Complaint No. C81–0026–M.

United States Bankruptcy Court,
S. D. California.

March 12, 1981.

Stafford W. Prante, San Diego, Cal., for defendant/cross-complainant.

Shain B. Haug, San Diego, Cal., for debtor/plaintiff/cross-defendant.

MEMORANDUM OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT CONCERNING DISCHARGEABILITY OF DEBT FOR ATTORNEYS FEES AWARDED IN DISSOLUTION PROCEEDINGS

JAMES W. MEYERS, Bankruptcy Judge.

I

To resolve this controversy, the Court has been asked to determine whether an award

of attorneys fees to counsel for the debtor's former spouse constitutes a nondischargeable obligation under the United States Bankruptcy Code ("Code"). The debtor petitioned for relief under Chapter 7 of the Code on October 7, 1980. In doing so, he sought to discharge his obligation to pay $400 in attorneys fees to Mr. Stafford W. Prante, Esq. ("Prante"). The fees were previously awarded by a state court in connection with Prante's representation of the debtor's former spouse in the dissolution of their marriage.[1]

In December of 1980, Prante filed two motions in state court which attempted to compel payment of the attorneys fees by the debtor. The debtor resisted by filing, on January 8, 1981, a complaint for a temporary restraining order and preliminary injunction in this Court. On January 12, 1981, a temporary restraining order was issued by this Court restraining Prante from any further collection activities in state court. Prante then answered the debtor's complaint, and filed a "cross-complaint" which seeks a determination that the obligation for attorneys fees owed him is a nondischargeable debt.[2]

On January 21, 1981 a hearing was held, at which time the Court considered the debtor's request for a preliminary injunction. This hearing culminated in a stipulation being entered into by the parties, whereby they agreed to treat their existing pleadings as if they had been filed in support of cross motions for summary judgment on Prante's "cross-complaint". It was agreed that the determinative legal question would be whether the debt owed Prante was dischargeable under Section 523 of the Code. 11 U.S.C. § 523.[3]

The parties were granted leave to file supporting memoranda subsequent to the

hearing. These have now been received and considered, and the Court has concluded that the debt created by the state court award of attorneys fees is nondischargeable. This opinion is filed in support of that decision.

## II

## FACTS

On November 5, 1978, the debtor instituted an action for dissolution of his marriage in state court. This action proceeded apace for almost a year, during which time the debtor's spouse was represented by counsel other than Prante. On October 2, 1979 Prante began representing the debtor's wife. At this time, it was agreed that she would pay Prante a retainer of $350 and would later pay him for any further services rendered at the rate of $75 per hour. It was further understood that she was solely and personally liable on this obligation, however, her account would be credited with any attorneys fees which the state court ordered the debtor to pay on her behalf.

On September 12, 1980, the state court rendered its interlocutory judgment of dissolution of marriage. As part of the judgment, the debtor's former spouse was given custody of their children. This award, as the state trial judge noted, put her financial status on an unequal footing as compared to the debtor's.[4] To remedy that imbalance, the judgment ordered that various payments were to be made by the debtor to his wife, these payments being termed either "support" or for "support and maintenance".

On the subject of attorneys fees, however the judgment states: "As and for contribu-

---

1. The fees were awarded in accordance with Sections 4370 and 4371 of the California Civil Code. *See* Cal.Civ.Code §§ 4370–71 (West).

2. Prante's "cross-complaint" was actually a counterclaim under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 13; Bankruptcy Rule 713.

3. The controlling facts in this matter are not in dispute. Therefore, the question to be answered by the Court is whether either party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); Bankruptcy Rule 756.

4. The state court judgment, along with partial transcripts of the dissolution proceedings in state court, have been made a part of the record before this Court.

tion to Respondent's attorneys fees, [the debtor] shall pay the sum of $400 directly to attorney for Respondent, Stafford W. Prante, Esq. ...". The debtor has never paid Prante any of these fees. Now the Court must determine if the obligation to pay Prante is preserved, as the debtor has sought to have the obligation discharged as an unsecured debt.

## III

### DISCUSSION

The parties' dispute centers on differing constructions of Section 523(a)(5) of the Code. This section provides:

> (a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> \* \* \* \* \* \*
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony, to mainte-nance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the ex-tent that—
>
> > (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
> >
> > (B) such debt includes a liability des-ignated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523.

Prante argues that under this provision, an award of attorneys fees payable directly to the attorney is a nondischargeable debt, if equivalent to support or alimony awarded in a domestic relations proceeding. He sug-gests further that the award in this case did not involve an assignment "to another enti-ty...." under Section 523(a)(5)(A). *See* 11 U.S.C. § 523(a)(5)(A). With respect to this point, Prante asserts that the state court judge was aware of the fact that the debt-or's wife was in financial need, and that the

arrangement for payment directly to Prante was simply done as a matter of convenience.

Initially, the debtor admits that the obli-gation in question would be nondischarge-able under the former Bankruptcy Act. *See e. g., In re Chrisman*, 6 B.R. 339 (W.D. Okl.1978). This admission does not trouble the debtor, however, as Section 523(a)(5) purportedly effects a substantial change in this area of the law. Principally, the debtor argues that to be nondischargeable under the Code, payments, regardless of their characterization, must be paid *directly* to the "spouse, former spouse, or child of the debtor...." *See* 11 U.S.C. § 523(a)(5). Here, the debtor notes this qualification is not met as the debt in question is payable to Prante and not the debtor's former spouse. The debtor also contends that even if the payments *were made* to the debtor's former wife (and then to Prante), such pay-ment would in effect involve an assignment of the debt to "another entity" under Sec-tion 523(a)(5)(A) thereby making the debt dischargeable.[5]

### A. The Effect of Payment of the Fees to a Third Party

 Section 523(a)(5) has clearly brought about a change in the law by narrowing the spectrum of nondischargeable obligations arising out of domestic relations cases. *See e. g., In re Daiker*, 5 B.R. 348, 350–51, (Bkrtcy., Minn.1980). Existing caselaw un-der the Code has generally focused on two areas of inquiry regarding the section.

First of all, the Court must assess the fact that payment of the debt here is made to a third party, the former spouse's attor-ney. Several decisions have strictly con-strued the language of the section, and held this type of obligation to be dischargeable. *See Matter of Spong*, 3 B.R. 619, 6 B.C.D. 604 (Bkrtcy., W.N.Y.1980); *In re Brown*, 7 B.R. 268 (Bkrtcy., W.N.Y.1980); *In re Daik-er, supra*, 5 B.R. 348; *In re Delillo*, 5 B.R. 692, 7 B.C.D. 38, (Bkrtcy., Mass.1980).

---

**5.** The debtor offers no argument on the ques-tion of whether the award of fees can be con-sidered alimony or support for bankruptcy pur-poses.

On the other hand, most courts have held that such an obligation is nondischargeable even though the debt is owed directly to a third party. *See In re Knabe*, 8 B.R. 53 (Bkrtcy., S.Ind.1980); *Matter of Sturgell*, 7 B.R. 59 (Bkrtcy., S.Ohio 1980); *In re Bell*, 5 B.R. 653, 6 B.C.D. 833 (Bkrtcy., W.Okl. 1980); *In re Pelikant*, 5 B.R. 404, 6 B.C.D. 758 (Bkrtcy., N.Ill.1980); *In re Diers*, 7 B.R. 18, 6 B.C.D. 983 (Bkrtcy., S.Ohio 1980); *Matter of Tope*, 7 B.R. 422, 425–26 (Bkrtcy., S.Ohio 1980); *In re Demkow*, 8 B.R. 554 (Bkrtcy., N.Ill.1981); *In re Cleveland*, 7 B.R. 927 (Bkrtcy., S.Dak.1981); *In re Wells*, 8 B.R. 189 (Bkrtcy., N.Ill.1981).

A review of the legislative history of Section 523, however, demonstrates that this latter class of cases have correctly applied the statute. The continuing theme in the legislative history on this section is that a joint obligation to a third party "assumed" by the debtor, in one way or another, is nondischargeable if it is in the nature of alimony or support and maintenance. In the early legislative comments this point was made clear by reference to "an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support...." H.Rep.No.95–595, 95th Cong., 1st Sess. 364 (1977) (*"House Report"*), U.S.Code Cong. & Admin.News 1978, 5787, 5963, 6320. *See also* S.Rep.No.95–989, 95th Cong., 2d Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5865. Such an agreement was envisioned as creating a nondischargeable obligation even though the debt was owed to a third party.

In the concluding legislative remarks on this subject, the intent of Congress takes on a slightly different cast, but the effect remained the same. For example, in the joint explanatory statement covering the compromise legislation arrived at by the House and Senate it is said that:

Section 523(a)(5) is a compromise between the House bill and the Senate amendment. The provision excepts from discharge a debt owed to a spouse, former spouse or child of the debtor, in connection with a separation agreement, divorce decree, or property settlement agreement, for alimony to, maintenance for, or support of such spouse or child but not to the extent that the debt is assigned to another entity. *If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance, or support of debtor's spouse, former spouse, or child.*

124 Cong.Rec. H11096 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards) (emphasis added). *See also* 124 Cong.Rec. S17412 (daily ed. Oct. 6, 1978) (remarks of Sen. De Concini). These concluding observations must be taken as the most authoritative and persuasive indicator of congressional purpose in this area. *See* Klee *Legislative History of the New Bankruptcy Code*, 54 Am.Bankr.L.J. 275, 294–95 (1980).

▮ Admittedly, there are suggestions in the legislative history, and in the section itself, evidencing a concern that payment be made directly to a spouse or former spouse. *See House Report, supra*, at 364; 11 U.S.C. § 523(a)(5)(A); *In re Knabe, supra*, 8 B.R. 53 (quoting from the early congressional hearings). Undeniably, however, there is a corresponding congressional desire that obligations in favor of certain third party creditors should survive discharge. While this does make the matter appear somewhat contradictory in nature, the Court concludes that Congress did not intend that the form of a creditor—debtor relationship should in every case override what is in substance, an attempt to provide alimony or support.[6]

---

**6.** The debtor also suggests that the state court award of attorneys fees was really a dischargeable assignment to "another entity" under Section 523(a)(5)(A). This contention is meritless, as the restriction contained in that portion of the section pertains to assignments to state welfare agencies and the like. *See In re Knabe, supra*, 8 B.R. 53; *In re Wells, supra*, at 192–

Here, the debtor was ordered by the state court to in effect "assume" his former spouse's obligation to Prante. The Court concludes that this will not preclude a determination that the debt is nondischargeable, if that arrangement can be characterized as payment of alimony or support and maintenance.

### B. *Payment of the Attorneys Fees as Payment of Alimony or Support and Maintenance*

The question of whether the fees owed Prante actually are in the nature of alimony or support involves an analysis of the claim which underlies that obligation. *See e. g., In re Fox,* 5 B.R. 317, 320, 6 B.C.D. 709, 711 (Bkrtcy., N.Tex.1980). This inquiry is strictly a matter of federal law. *See e. g., In re Warner,* 5 B.R. 434, 439, 6 B.C.D. 788, 791 (Bkrtcy., Utah 1980).

The Court must focus on the *substance* of the result achieved in the state court. *See In re Warner, supra,* 5 B.R. at 440, 6 B.C.D. at 791; *In re Diers, supra,* 7 B.R. at 20–21. *See also* 11 U.S.C. § 523(a)(5)(B) (where payments "designated" as alimony etc.). In this regard, the trial court's interlocutory judgment of dissolution is persuasive evidence of the intent behind the court's decree, but it is not controlling. *See In re Warner, supra,* 5 B.R. at 439–40, 6 B.C.D. at 791–92, the Court must weigh other factors too, such as the record in the state court proceeding, or any new evidence regarding the relative financial status of the parties. *In re Warner, supra,* 5 B.R. at 442, 6 B.C.D. at 792. These factors will all bear on the ultimate and controlling question of whether the debt was imposed to fulfill a legal obligation of support. *See In re Warner, supra,* 5 B.R. at 440, 6 B.C.D. at 791; *In re*

*Knabe, supra,* ¶ 67,747 at 78,398; *In re Lovett,* 6 B.R. 270, 272 (Bkrtcy., Utah 1980).

Here, the Court is presented with a judgment in which all payments ordered *other than* the attorneys fees to Prante are denominated "support" or for "support and maintenance". The fees are, however, made payable to Prante as a "contribution" towards his ex-spouse's fee liability, which no doubt exceeds the modest amount of $400. This suggests that the payment was ordered simply as another facet of the support award, as it reduced the payments the debtor's ex-wife would otherwise have had to make. *See In re Wells, supra,* at 193. In substance, this assumption of liability running in favor of Prante was no different than a support payment to the debtor's former spouse to defray her legal expenses.

The debtor's ex-wife was certainly in a precarious financial situation at the time the interlocutory judgment was entered. Payment of her legal expenses by her former husband steadied and improved her position in much the same way as support paid directly to her would. In short, the assumption of the Prante obligation by the debtor provided his former spouse with added economic security and aided her in supporting herself and the children. It must therefore be considered in the nature of a support payment. *See Matter of Sturgell, supra,* 7 B.R. at 62; *Matter of Tope, supra,* 7 B.R. at 425, 26.[7] Accordingly, the obligation owing by the debtor to Prante is nondischargeable.

## IV

## CONCLUSION

As a matter of law, Prante is entitled to summary judgment on his "cross-com-

---

193. *Contra, In re Allen,* 4 B.R. 617, 620, 6 B.C.D. 576, 578 (Bkrtcy., E.Tenn.1980).

7. The Court notes that as a general proposition, legal fees incurred by the wife in a domestic action are viewed as necessities which the husband must provide under his duty of support. *See In re Knabe, supra,* 8 B.R. 53. Under California law, the payment of attorneys fees in this context would be viewed as in the nature of support as such an award, *see* Cal.Civ.Code

§§ 4370–71 (West), is premised on the respective needs and incomes of the parties. *See In re Marriage of Gonzalez,* 51 Cal.App.3d 340, 344, 124 Cal.Rptr. 278 (1975); *In re Marriage of Popenhager,* 99 Cal.App.3d 514, 525, 160 Cal. Rptr. 379 (1979). This was also the conclusion in dischargeability litigation arising under the former Bankruptcy Act. *See Jones v. Tyson,* 518 F.2d 678, 681 (9th Cir. 1975); *Deems v. Schauer,* 470 F.Supp. 255, 256 (D.N.Dak.1979).

plaint" regarding dischargeability. The debtor's cross motion for summary judgment is denied in its entirety. Prante will prepare an appropriate order within ten (10) days of the date of this opinion.