**In re Donald P. TRICHON, Debtor.**

**David S. GREENBERG and Morton R. Covitz, t/a Greenberg & Covitz, a Partnership, and Ellen Trichon, Plaintiffs,**

v.

**Donald P. TRICHON, Defendant.**

**Bankruptcy No. 81 B 20035.**
**Adv. Proceeding No. 81 Adv. 6048.**

United States Bankruptcy Court,
S. D. New York.

June 10, 1981.

Hartstein & Hartstein, New York City, for plaintiffs.

Lauterbach & Lauterbach, Yonkers, N.Y., for defendant.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiffs in this adversary proceeding, brought under Code § 523(a)(5), seek a determination of nondischargeability with respect to the legal fees awarded to them in a matrimonial action in which they represented the debtor's former wife. The debtor has moved for summary judgment pursuant to Bankruptcy Rule 756, which adopts Rule 56 of the Federal Rules of Civil Procedure.

The undisputed facts reveal that on January 26, 1981, the debtor, Donald P. Trichon, filed with this court his voluntary petition pursuant to Chapter 7 of the Bankruptcy Act. In accordance with Code § 301, the commencement of this voluntary case constituted an order for relief under Chapter 7.

On August 25, 1980, the debtor was divorced from his former wife, pursuant to a judgment entered in the Supreme Court of New Jersey, Chancery Division, Bergen County, which was filed on September 8, 1980. The debtor's wife waived all rights to alimony under the judgment except for the sum of $1500 alimony arrears, which the debtor's schedules recognize as excepted from discharge pursuant to Code § 523(a)(5). The debtor was required to convey the marital home to his ex-wife who agreed to assume the mortgage on it.

Under the divorce judgment, the debtor was ordered to make certain payments for the support of his children. Additionally, the debtor was ordered to pay specific debts, including sums owed to department stores, finance companies, the Internal Revenue Service, certain named individuals and a summer camp at which their children attended.

The divorce judgment also provided as follows:

"(13) Defendant shall pay to Greenberg & Covitz, attorneys for the plaintiff, the sum of $1,500 as and for counsel fees in this matter, inclusive of costs. The said Greenberg & Covitz be and they are hereby granted leave to enter judgment against the defendant in the sum of $1,500 at any time at their election."

Plaintiffs contend that this fee is nondischargeable under Code § 523(a)(5) as an obligation on behalf of the debtor's ex-wife in connection with the divorce proceeding. The debtor moves for summary judgment on the ground that this obligation is dischargeable by reason of subsection (A) of Code § 523(a)(5), because it should be regarded as a debt assigned to another entity other than the debtor's ex-wife or children.

Code § 523(a)(5) excepts from discharge certain maintenance and support obligations due to the debtor's spouse or children, and reads in relevant part as follows:

"(5) [T]o a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

"(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

"(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

## PAYMENT OF LEGAL FEES TO THE SPOUSE'S ATTORNEYS

In order to understand the direction to be taken under Code § 523(a)(5), consideration should be given to the legislative history which reveals the Congressional motivation with respect to this section. *Sen-*

ate Report No. 95–989, 95th Cong. 2nd Sess. (1978) at page 79, and *House Report No. 95–595*, 95th Cong. 1st Sess. (1977) at page 364, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865, 6320 refer to Code § 523(a)(5) in similar language and say that it:

"[E]xcepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of the spouse or child. This language, in combination with the repeal of section 456(b) of the Social Security Act (42 U.S.C. 656(b)) by section 326 of the bill, will apply to make nondischargeable only alimony, maintenance, or support *owed directly to a spouse or dependent*. What constitutes alimony, maintenance, or support, will be determined under the bankruptcy law, not State law. Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974), are overruled, and the result in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. The proviso, however, makes nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations as to whether a particular agreement to pay money to a spouse is actually alimony or a property settlement." (Emphasis added)

Thus, it can be seen that Congress intended that alimony, support and maintenance payments are nondischargeable except when assigned to a state welfare agency, in which case such assigned obligations would be dischargeable. Indeed, the Court of Appeals for the Second Circuit affirmed the Bankruptcy Court's holding that by enacting Section 328 of Title III of the Bankruptcy Reform Act (which repealed § 456(b) of the Social Security Act, 42 U.S.C. § 656(b) which provided that child support obligation assigned to a state was not dischargeable), Congress intended to make a child support obligation assigned to a state immediately dischargeable on November 6, 1978, when § 328 became effective pursuant to § 402(d)

of Title IV of the Bankruptcy Reform Act of 1978. *Blair v. Commissioner of Admin. Services*, 644 F.2d 69 (2 Cir. 1981).

Some Bankruptcy Courts have extended the class of third parties beyond state welfare agencies and have held that attorneys' fees payable to counsel for the debtor's former spouse are not payments made *directly* to the former spouse and are, therefore, dischargeable. *In re Spong*, 3 B.R. 619 (Bkrtcy.W.D.N.Y.1980); *In re Allen*, 4 B.R. 617 (Bkrtcy.E.D.Tenn.1980); *In re Crawford*, 8 B.R. 552 (Bkrtcy.Kan.1981). Other courts have concluded that such fees may be nondischargeable if they are found to be in the nature of alimony, maintenance or support, even though not paid directly to the former spouse. *In re Pelikant*, 5 B.R. 404 (Bkrtcy.N.D.Ill.1980); *In re Bell*, 5 B.R. 653 (Bkrtcy.W.D.Okla.1980); *In re Knabe*, 8 B.R. 53 (Bkrtcy.S.D.Ind.1981); *In re Wells*, 8 B.R. 189 (Bkrtcy.N.D.Ill.1981); *In re Demkow*, 8 B.R. 554 (Bkrtcy.N.D.Ohio 1981); *In re French*, 9 B.R. 464 (Bkrtcy.S.D. Cal.1981).

In the *French* case, supra, the Bankruptcy Court reasoned as follows: (page 467)

"The continuing theme in the legislative history on this section is that a joint obligation to a third party 'assumed' by the debtor, in one way or another, is nondischargeable if it is in the nature of alimony or support and maintenance. In the early legislative comments this point was made clear by reference to 'an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support ....' H.Rep.No.95–595, 95th Cong., 1st Sess. 364 (1977) ('House Report'), U.S. Code Cong. & Admin.News 1978, 5787, 5963, 6320. See also S.Rep.No.95–989, 95th Cong., 2d Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5865. Such an agreement was envisioned as creating a nondischargeable obligation even though the debt was owed to a third party."

There is much merit to the approach of holding that counsel fees paid in the nature of alimony, maintenance, or support are not dischargeable because this reasoning does not conflict with the legislative intent to exclude from nondischargeability assignments to entities like the welfare department, and not assignments previously treated as alimony, such as a former spouse's counsel fees. See *In re Knabe*, supra, at page 55. Hence, it has been held that Congress did not intend to override what may have been in fact an attempt to provide additional alimony or support. See *In re French*, supra, at page 467.

However, this court cannot find that the counsel fees in question are in the nature of additional alimony, maintenance or support for the debtor's ex-wife, because it is admitted that she waived her right to alimony as part of the property settlement. The divorce judgment expressly states: "Plaintiff shall receive no alimony." In the circumstances of this case, plaintiffs' right to payment of counsel fees for having represented the debtor's ex-wife must be regarded as an obligation owed to a third party and not in reduction or satisfaction of any additional alimony to which the debtor's ex-wife may be constructively entitled under the judgment of divorce.

The debtor's motion for summary judgment is therefore granted.

SUBMIT ORDER ON NOTICE.