**In re Ronald G. WELLS, Debtor.**

**A. A. LEGAL CLINIC, LTD., Plaintiff,**

**v.**

**Ronald G. WELLS and Joseph Cohen, Interim Trustee, Defendants.**

**Bankruptcy No. 80 B 3068.**
**Adv. No. 80 A 727.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Jan. 14, 1981.

6. There was no argument that exemption of the collateral worth $2000 would put the debtors over the allowable amount.

Leroy A. Garr of Brundage & Garr, Ltd., Chicago, Ill., for plaintiff.

Lawrence M. Cooper of Ellis, Cooper & Resnick, Ltd., Chicago, Ill., for debtor.

ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Complaint of A.A. LEGAL CLINIC, LTD., Creditor of the above-named Debtor, entitled Objection to Discharge but deemed, because of the allegations therein and pursuant to stipulation of counsel, a Complaint objecting to dischargeability of debt claimed to be nondischargeable pursuant to Clause Five of Section 523(a) of the Bankruptcy Code, and upon Debtor's Answer thereto, and

The Court having examined the pleadings filed in this matter, and having received and examined the evidence adduced and the Memorandum of Law submitted in support of Plaintiff's position, and having heard arguments of counsel and the Court being fully advised in the premises;

The Court Finds:

1. On November 5, 1979, a Judgment for Dissolution of Marriage was entered in the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division, Case No. 78 D 14704, entitled *In re the Marriage of Marilyn Wells and Ronald Wells.* The Judgment provided in pertinent part as follows:

"....

F. .... the Court further finds that the Petitioner is in need of maintenance or additional funds based upon the inequities existing between the parties relating to income and assets.

...."

The Judgment then recited that the parties had entered into an oral Separation Agreement, which was incorporated in the Judgment for Dissolution of Marriage.

Under the terms of the agreement, Marilyn Wells was awarded custody of the two minor children of the parties. The agreement further provided in pertinent part as follows:

"....

4. That Respondent, RONALD WELLS, shall pay to Petitioner, MARILYN WELLS, the sum of THREE HUN-

DRED DOLLARS ($300.00) per month as and for child support for a period of two (2) years commencing with the date of entry of this Judgment, based upon the representations that his earnings are FOURTEEN HUNDRED SIXTY FIVE DOLLARS ($1,465.00) per month, and that from said sum he pays ONE HUNDRED SEVENTY FIVE DOLLARS ($175.00) per month as and for support of his first family in Wisconsin.

5. That such support payment is based upon Respondent's assumption of certain outstanding marital indebtedness totalling the sum of approximately EIGHT THOUSAND DOLLARS ($8,000.00) all of which was incurred prior to the separation of the parties hereto, and that at the termination of such two (2) year period, Petitioner herein shall have the right to seek an increase based upon payment in full of such obligations so that Respondent's net income, even though not increased is considered to have included for the purposes of this award an obligation of EIGHT THOUSAND DOLLARS ($8,000.00) paid over such two (2) year period.

6. It is further ordered that Respondent acknowledges an arrearage in child support heretofore existing in the amount of TWENTY FIVE HUNDRED DOLLARS ($2,500.00) and that such arrearage shall be paid as follows: FIVE HUNDRED DOLLARS ($500.00) paid and acknowledged in open Court by entry of this Judgment, and the balance of TWO THOUSAND DOLLARS ($2,000.00) payable at the rate of ONE HUNDRED DOLLARS ($100.00) per month for a two (2) year period including interest and costs attendant thereto.

. . . ."

Marilyn Wells was to assume the obligations owing under two charge accounts in her name, totalling approximately $2,000.00, and Debtor was to assume all other household obligations. The court ordered RONALD G. WELLS to convey by Quit Claim Deed all of his right, title, and interest in the marital home in full settlement of any claim for maintenance by the wife. In addition, each party was awarded the personal property then in his or her possession, and RONALD G. WELLS was ordered to maintain a certain life insurance policy naming the minor children as beneficiaries as well as insurance coverage for their extraordinary medical expenses.

The award which is the subject of this controversy is contained in the sixteenth and final paragraph of the Judgment:

"It is further agreed and ordered that Respondent shall pay as and toward additional fees to KENNETH J. BRUNDAGE of the A.A. LEGAL CLINIC, the sum of SEVEN HUNDRED FIFTY DOLLARS ($750.00) payable at the rate of FIFTY DOLLARS ($50.00) per month."

3. On March 13, 1980, RONALD G. WELLS filed his voluntary petition in bankruptcy herein.

The Court Concludes and Further Finds:

1. § 523(a) of the Bankruptcy Code provides in relevant part as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.     .     .     .     .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

. . . ."

2. In determining what constitutes alimony, maintenance, or support for purposes of dischargeability, this Court is not bound by the label which state courts place upon a decree, but must make the determination in accordance with a federal stan-

dard. *See* H.R.Rep.No.595, 95th Cong., 1st Sess. 364 (1977), *reprinted in* [1978] U.S. Code Cong. & Ad.News, pp. 5963, 6320. Under that standard, payments are considered alimony if they are actually in the nature of support for a former spouse. *Nichols v. Hensler*, 528 F.2d 304, 307 (7th Cir. 1976); *see Audubon v. Schufeldt*, 181 U.S. 575, 577, 21 S.Ct. 735, 736, 45 L.Ed. 1009 (1901). An examination of state law may be necessary to ascertain the incidents of an award, in order to determine whether it fits within this definition. *See* this Court's discussion in *In re Pelikant*, 5 B.R. 404 (Bkrtcy.N.D.Ill.1980).

3. An award of attorney's fees in Illinois divorce proceedings is specifically allowed by Ill.Rev.Stat. ch. 40, ¶ 508, which provides in relevant part as follows:

"(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with the following:

(1) The maintenance or defense of any proceeding under this Act.

.    .    .    .    .

(5) The costs and legal services of an attorney rendered in preparation of the commencement of the proceeding brought under this Act.

(b) The court may order that the award of attorney's fees and costs hereunder be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party. Judgment may be entered and execution levied accordingly."

■ The controlling consideration in determining whether to grant attorney's fees under the above-quoted provision is the relative financial resources of the parties. *See Held v. Held*, 73 Ill.App.3d 561, 29 Ill.Dec. 612, 392 N.E.2d 169, 173 (1979); *Gasperini v. Gasperini*, 57 Ill.App.3d 578, 15 Ill.Dec. 230, 373 N.E.2d 576, 578 (1978); *Lauzen v. Lauzen*, 81 Ill.App.2d 472, 476, 225 N.E.2d

427 (1967). Consequently, an award of attorney's fees in an Illinois divorce proceeding is ordinarily in the nature of support.

■ This Court acknowledges that the parties to a divorce might, in dividing their property, take legal fees into account and include a provision for payment of fees in their separation or property settlement agreement. In such a case, the obligation to pay attorney's fees incorporated in the court's decree might be considered a division of property, dischargeable in bankruptcy.

■ In the case *sub judice*, the provision concerning attorney's fees is part of the separation agreement incorporated in the Judgment for Dissolution of Marriage. There is no indication, however, that the parties included the provision for attorney's fees as part of a division of property. They apparently did not have much property to divide, and the terms of the Separation Agreement make it clear that a substantial portion of the property was awarded to Marilyn Wells because of Debtor's superior earning power. In addition, the court which entered the Judgment specifically found that Marilyn Wells was in need of "maintenance or additional funds based upon the inequities existing between the parties relating to income and assets."

The subject award amounts to only $750.00, payable at the rate of $50.00 per month. Ordinarily, such a small amount would not be included for the purpose of accomplishing an equitable division of property. The obligation of RONALD G. WELLS to pay his wife's attorney's fees is in the nature of alimony, maintenance, or support within the meaning and purview of § 523(a)(5) of the Bankruptcy Code.

■ 4. The award of attorney's fees in the instant case is made payable directly to the wife's attorney, KENNETH J. BRUNDAGE of the A.A. LEGAL CLINIC, LTD. However, it is not a debt assigned to another entity voluntarily, by operation of law or otherwise, within the purview of § 523(a)(5)(A) of the Bankruptcy Code. In

enacting this exception to nondischargeability, Congress sought to render dischargeable support-related liabilities owing to governmental entities such as the welfare department. The legislative history makes this clear:

> "Unfortunately, neither bill [H.R.31 or H.R.32] clearly states that this exception to discharge does not extend to state welfare department liens. This exemption should be a narrow one, benefitting only the expressed beneficiaries, not governmental entities like the welfare department. This issue has become even more critical in light of a provision among the recent amendments to the Social Security Act, 42 U.S.C. 656(b) which rather ambiguously states that 'A debt which is a child support obligation assigned to a State under section 402(a)(26) is not released by a discharge in bankruptcy'. Legislative history indicates that that provision was inserted to protect the rights of the spouse and child, but judicial interpretation could force another meaning upon that section. We do not believe that the Commission or the Judges intended that persons other than the debtor's spouse and children deserved privileged status. Therefore, we urge the adoption of H.R.32 § 4–506(a)(6) with redrafting to insure the intended results."

*Bankruptcy Act Revision: Hearing on H.R.31 and H.R.32 Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary*, 94th Cong., 1st and 2d Sess., 942 (1975–76). The section was later enacted to provide for the dischargeability of liabilities for alimony, maintenance, or support to the extent that such debts are "assigned to another entity, voluntarily, by operation of law, or otherwise."

However, it was not the intent of Congress in enacting this provision to render dischargeable all support-related liabilities which involve payment to third parties. Senator Dennis DeConcini, in his floor statement on passage of the final Senate amendment to the new bankruptcy law, stated as follows with regard to § 523(a)(5):

> "If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance, or support of debtor's spouse, former spouse, or child."

124 Cong.Rec. S17,412 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini). Thus, debts arising out of an agreement to hold the debtor's spouse harmless on joint debts are dischargeable where the agreement is not actually in the nature of support. On the other hand, such debts are nondischargeable to the extent that the agreement does constitute support. If the effect of § 523(a)(5)(A) were to render dischargeable all support-related liabilities involving payment to third parties, then debts resulting from agreements to hold the debtor's spouse harmless could never be nondischargeable in bankruptcy.

Unlike payments to governmental entities like the welfare department, payments on account of an award of attorney's fees made pursuant to Ill.Rev.Stat. ch. 40, ¶ 508 directly benefit the debtor's spouse in that they are payments which the spouse would otherwise have to make. "The award is to [the spouse] regardless of the method of payment." *In re Cornish*, 529 F.2d 1363, 1365 (7th Cir. 1976). Such an award is not a debt assigned to another entity within the meaning and purview of § 523(a)(5)(A) of the Bankruptcy Code.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Complaint of A.A. LEGAL CLINIC, LTD., made pursuant to Bankruptcy Rule 409(a) to determine the dischargeability of debt claimed to be nondischargeable pursuant to Clause Five of Section 523(a) of the Bankruptcy Code be, and the same is hereby allowed, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the debt of RONALD G. WELLS to Plaintiff, A.A. LEGAL CLINIC, LTD., created by the Judg-

ment for Dissolution of Marriage entered in the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division, Case No. 78 D 14702, entitled *In re the Marriage of Marilyn Wells and Ronald Wells* be, and the same is hereby declared nondischargeable in bankruptcy in the amount and manner of payment as provided therein.