**In re Robert ABITUA, Debtor.**

**Nancy ABITUA and Timothy R. McNamee, Plaintiffs,**

v.

**Robert ABITUA, Defendant.**

**Bankruptcy No. 81 B 11988.
Adv. No. 81 A 3812.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

March 31, 1982.

Timothy R. McNamee, Carpentersville, Ill., for plaintiffs.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the plaintiffs' two-count complaint to determine the dischargeability of two separate debts. Robert Abitua (debtor) filed a memorandum in support of his answer. The plaintiffs failed to file a memorandum within the time limit set by this court. The court, being fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On April 1, 1981 a Judgment for Dissolution of Marriage was entered in the Circuit Court for the 16th Judicial Circuit, Kane County, Illinois dissolving the marriage of Nancy and Robert Abitua. The judgment incorporates a marriage settlement agreement wherein debtor promised to pay Nancy Abitua's attorney's fees. The agreement, under the heading maintenance, provides as follows:

> B.   Attorney's fees.
>
> (1) Robert hereby agrees to pay Timothy R. McNamee, the sum of seven hundred fifty dollars ($750.00) as attorney's fees for services and litigation in the determination of maintenance and child support...

On September 28, 1981 the debtor filed a petition for relief under Title 11 of the United States Code. The debtor has paid Timothy R. McNamee $250, leaving a balance due of $500. Plaintiffs contend that the attorney fee provision embodied in the marriage settlement agreement constitutes a form of maintenance, and therefore the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The debtor contends that the promise to pay attorney's fees represents a division of marital property, and therefore a dischargeable debt.

Subsequent to the judgment for dissolution of marriage, plaintiffs filed a rule to show cause why the debtor should not be held in contempt of court. The Circuit Court held the debtor in contempt for vio-

lating a restraining order prohibiting him from harassing Nancy Abitua. The Circuit Court ordered the debtor to pay Timothy R. McNamee $570 as and for attorney's fees incurred in prosecuting the contempt action.

The issues herein are: whether the promise to pay attorney's fees embodied in the marriage settlement agreement constitutes a nondischargeable debt; and, whether an award of attorney's fees to the prevailing party in a contempt action constitutes a nondischargeable debt.

## DISCUSSION

### A.

■ 11 U.S.C. § 523(a)(5) provides that a discharge does not discharge a debtor from any debt:

> to a ... former spouse ... for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement...

The court must look to the substance of the obligation to determine whether it is in the nature of alimony or maintenance, or whether it constitutes a division of property. *In re Maitlen*, 5 C.B.C.2d 902, 906, 3 C.C.H. Bankruptcy Law Reports, ¶ 68,291, 8 B.C.D. 48, 658 F.2d 466 (7th Cir. 1981); *In re Spong*, 5 C.B.C.2d 242, 245, 8 B.C.D. 150, 661 F.2d 6 (2nd Cir. 1981). To determine the substance of the obligation, this court applies the factors set forth in the *Maitlen* case, *supra*. The following factors indicate whether or not the obligation constitutes a division of property:

(1) The provision creating the obligation is located within the provision allocating property;

(2) The obligation does not relate to the support of children;

(3) The obligation does not intend to balance the income of the parties; and

(4) The plaintiff indirectly benefits from the obligation to pay attorney's fees. *In re Maitlen, supra* at 906–7 (citing *In re Woods*, 561 F.2d 27, 29–30 (7th Cir. 1977)).

Applying the above factors in the instant case clearly indicates that the obligation to pay attorney's fees was in the nature of alimony and support.

The marriage settlement agreement places the attorney fee provision under the heading "Maintenance". There are no attorney's fees provisions under the headings "Marital debts" or "Marital Personal Property," which are the provisions relating to division of marital property. The provision also provides that the attorney's fees are "for services and litigation in the determination of maintenance and child support." The plaintiff benefits from the award of attorney's fees because such an award is often essential to a spouse's ability to sue or defend a matrimonial action. *In re Spong, supra*. The majority of bankruptcy courts consider attorney's fees awards within the meaning of alimony, maintenance or support. *Id.* at 244, 661 F.2d 6.

Moreover, under Illinois law the responsibility to pay attorney's fees is generally determined by the relative income of the parties. Ill.Rev.Stat., ch. 40, ¶ 508 (1979); *In re Wells*, 8 B.R. 189, 192, 7 B.C.D. 272 (Bkrtcy., N.D.Ill., 1981). Therefore, the award of attorney's fees in Illinois divorce proceedings are generally viewed as a form of maintenance or support. *Id.* at 192.

### B.

■ Plaintiffs also contend that the attorney's fees awarded in the contempt proceeding constitute a nondischargeable debt pursuant to 11 U.S.C. § 523(a). Plaintiffs have neither cited any cases in support of their contention nor have they proven to this court, by clear and convincing evidence, that such an award fits within any category of nondischargeable debts as those debts are defined by bankruptcy courts.

WHEREFORE, IT IS HEREBY ORDERED that the promise (of Robert Abitua) to pay attorney's fees to Timothy R. McNamee as embodied in the marriage settlement agreement be and hereby is declared to be a nondischargeable debt in the amount of $500.

IT IS FURTHER ORDERED that Robert Abitua's obligation to pay Timothy R. McNamee $570 as and for attorney's fees incurred in the contempt proceeding be and hereby is declared to be a dischargeable debt.