In re Jeffrey Allen SCHROEDER,
Debtor.

Marie Jean SCHROEDER, Plaintiff,

v.

Jeffrey Allen SCHROEDER, Defendant.

Bankruptcy No. 82 B 11585.
Adv. No. 82 A 3566.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 2, 1982.

William R. Ketcham, Brittain, Ketcham, Strass, Terlizzi, Flanagan, Weir & Johnson, P.C., Elgin, Ill., for plaintiff.

James M. Kiss & Ass'n, Carpentersville, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on plaintiff's complaint to determine dischargeability of an attorney's fee award that debtor promised to pay plaintiff as a result of the parties' divorce proceedings. The court having carefully considered the pleadings, case law submitted and its own research, hereby finds said attorney's fees to be subject to discharge under Section 727 of the Bankruptcy Code.

## STATEMENT OF FACTS

On September 10, 1980 plaintiff and defendant-debtor obtained a judgment dissolving their marriage in the Circuit Court of Kane County. Pursuant to paragraph L of the Judgment of Dissolution of Marriage, the defendant-debtor agreed to pay plaintiff's attorney, William R. Ketcham, fees in the amount of $750.00 and court costs in the amount of $81.00, for a total of $831.00.

On September 1, 1982 debtor filed his petition under Chapter 7 of the Bankruptcy Code and listed the debt to attorney Ketcham. At the present time, debtor has failed to pay any of said amounts to the attorney.

## DISCUSSION

Section 523(a)(5) provides that a discharge under 727 of the Bankruptcy Code does not discharge an individual debtor from any debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement. . . .

■ The issue for determination by the court is whether under Section 523(a)(5), debtor's promise to pay attorney Ketcham's fees is a debt "to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child . . ." and thus non-dischargeable. In determining this issue, the court does not consider the sub-issue of whether or not payment to the spouse's attorney rather than directly to her makes the debt dischargeable. It is well settled in this circuit that such a distinction is of no consequence. *Matter of Cornish*, 529 F.2d 1363 (7th Cir. 1976); *Richards v. Loncar*, 14 B.R. 276 (D.C. N.D.Ill.1981); *In re Abitua*, 18 B.R. 674 (Bkrtcy.N.D.Ill.1982).

The question before the court is not a unique one. In fact, it comes up almost everytime a bankruptcy and divorce befall a debtor within close proximity. Unfortunately, attorneys drafting divorce property settlements and judgments do not usually anticipate in their pleadings a subsequent bankruptcy by one of the parties. As a result, questions such as the one posed here arise time and again in the bankruptcy courts.

■ The court in examining an attorney's fee award such as the one at issue here must look to the *substance* of the obligation to determine whether it is in the nature of alimony, maintenance, or child support and thus non-dischargeable, or whether it constitutes a division of property. *In re Abitua*, 18 B.R. 674 (Bkrtcy.N.D. Ill.1982); *In re Maitlen*, 658 F.2d 466 (7th Cir.1981). The majority of the bankruptcy courts both under the old Bankruptcy Act and the present Code have considered attorney's fees awards as within the meaning of alimony, maintenance or support. *In re Abitua*, supra; *In re Spong*, supra; *Matter of Cornish*, 529 F.2d 1363 (7th Cir.1976). However, in examining the *substance* of the award here, the court finds it is more in the nature of a property division.

Prior case law as well as the old Illinois Divorce Act does indicate that an award of attorney's fees was considered to have the essential elements of alimony. It was apparently the intent of the legislature to treat an order allowing the plaintiff money for her solicitor's fees in exactly the same manner, stand upon the same footing, and have actually the same legal characterization and quality as an allowance for money to buy food or groceries. Such legislation seemed to have sprung from the archaic notion that it was the duty of a husband to support his wife. As a result, when the marriage was dissolving and negotiations were needed to gain this continued support, an attorney representing the wife was vital. A wife was directly benefitting from the award of attorney's fees because such an award was often essential to that spouse's ability to sue or defend the matrimonial action and gain her needed support. *Matter of Cornish*, 529 F.2d 1363, 1365 (7th Cir.1976); *In re Abitua*, 18 B.R. 674, 676 (Bkrtcy.N.D.Ill.1982); *Merriman v. Hawbaker*, 5 F.Supp. 432 (E.D.Ill.1934).

■ However, the assumptions articulated above can no longer be made. Times indeed have changed and the paternalistic attitude courts once held towards women has become outdated. Instead, what must be looked at are the actual economic positions of the parties and the substance of their property arrangement. To determine the substance of the obligation, this court applies the factors set forth in the case of *In re Maitlen,* 658 F.2d 466 (7th Cir.1981). Whether or not the obligation constitutes a division of property depends upon the following:

(1) the provision creating the obligation is located within the provision allocating property;

(2) the obligation does not relate to the support of children;

(3) the obligation does not intend to balance the income of the parties; and

(4) the plaintiff indirectly benefits from the obligation to pay attorney's fees. *In re Abitua,* supra, citing *In re Maitlen,* supra and *In re Woods,* 561 F.2d 27 (7th Cir.1977).

Applying the above factors, it becomes clear that the obligation in the instant case was in the nature of a property settlement. While the Judgment of Dissolution of Marriage is not divided into support and property categories, it is clear that the attorney's fees were not meant to be in the nature of support. Plaintiff, in fact, waived any rights she may have had to maintenance from debtor and debtor was only ordered to pay minimal child support which the document clearly states was due to the fact that debtor was unemployed and plaintiff had a steady job. The obligation to pay the attorney's fees did not intend to balance the income of the parties since in fact plaintiff's income far exceeds debtor's. Further, plaintiff did not get any indirect benefit by the award such as having her interests in being supported represented because in fact she does not need to be so supported.

■ Under Illinois divorce law the responsibility to pay attorney's fees is generally determined by the relative income of the parties. Ill.Rev.Stat., ch. 40, para. 508

(1979); *In re Wells,* 8 B.R. 189 (Bkrtcy.N.D. Ill.1981); *In re Abitua,* supra. If that determination were made here clearly the plaintiff-wife, whose income exceeds that of the unemployed debtor would more reasonably be expected to and be able to pay the attorney's fees.

Congress in reforming the bankruptcy act clearly intended to provide debtors with a "fresh start". While courts have held that this "fresh start" is not to be at the expense of a needy spouse, no fear of that is present in this case. *Richards v. Loncar,* 14 B.R. 276 (D.C.N.D.Ill.1981). In examining the financial resources of the parties, it becomes abundantly clear that debtor's fresh start is of primary importance here and the award of attorney's fees is more in the nature of a property division and thus subject to the discharge of Section 727 of the Bankruptcy Code.

## CONCLUSION

In determining whether attorney's fees assessed against a debtor as a result of prior divorce proceedings are non-dischargeable under Section 523(a)(5) of the Bankruptcy Code, it is vital to look at the substance of the obligation to determine whether it is in the nature of alimony or support or whether it constitutes a division of property. In making this determination, not only should one turn to the actual property settlement document. The relative financial positions of the parties must be examined and a bankruptcy debtor's fresh start must also be considered. Before the court is an unemployed debtor with an employed ex-wife who has waived her rights to alimony or maintenance and receives only minimal child support. The parties' divorce documents do not indicate that the attorney's fees are in the nature of or in lieu of alimony or support and in fact point out the precarious financial position of the debtor. In this situation, such attorney's fees must be considered in the nature of a property division and thus dischargeable.

WHEREFORE, IT IS ORDERED that the attorney's fees awarded to plaintiff's attorney are subject to discharge under Section 727 of the Bankruptcy Code.