In re Glenn WELLMAN, Debtor,

Judith WELLMAN, Plaintiff,

v.

Glenn WELLMAN; 1300 North Lake Shore Drive Condominium Association; and Richard J. Elrod, Sheriff of Cook County, Illinois, Defendants.

Bankruptcy No. 83 B 10923.
Adv. No. 83 A 0981.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 19, 1983.

Richard H. Fimoff, Holleb & Coff, Ltd., Chicago, Ill., for plaintiff.

Dennis W. Thorn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This matter concerns a plaintiff's complaint to determine the dischargeability of certain debts. Specifically, Judith Wellman (hereinafter referred to as plaintiff) and Glenn Wellman (hereinafter referred to as debtor) entered into a marital settlement agreement on December 1, 1979. The plaintiff claims that the debtor incurred

certain obligations under the agreement which are nondischargeable pursuant to 11 U.S.C. § 523(a)(5) (Supp. V 1981).

The marital settlement agreement provided that custody of the parties' three children was to remain with the plaintiff. Additionally, the agreement provided that the debtor was to provide certain payments to the plaintiff for alimony and child support. The relevant provisions pertaining to the debtor's child support and alimony obligations are as follows:

## ARTICLE IV

### MEDICAL, DENTAL, OPTICAL AND RELATED EXPENSES OF THE CHILDREN

1. The [debtor] shall pay and be solely responsible for all extraordinary medical, hospital, surgical, optical and extraordinary dental care for the minor children of the parties . . .

## ARTICLE VIII

### PERIODIC ALLOWANCE FOR SPOUSE

2. The [debtor] shall pay to the [plaintiff] as and for her support and maintenance an amount equal to the first mortgage (principal, interest, taxes and insurance), assessments (on the condominium in which the plaintiff and the parties' three children currently reside, and charges for one parking space per month.

## ARTICLE IX

### INSURANCE

3. The [debtor] shall obtain and maintain life insurance on his life in the amount of $100,000.00. Said insurance shall be maintained for the benefit of the minor children of the parties . . . . . . .

## ARTICLE X

### CHILD SUPPORT

4. The [debtor] shall pay to the [plaintiff] as and for child support of the three minor children of the parties, the sum of $800.00 per month, . . . , commencing December 1, 1979, . . .

Subsequently, on February 28, 1980, the Circuit Court of Cook County, Illinois, County Department—Domestic Relations Division, entered a judgment for the dissolution of the parties' marriage (79 D 845). The debtor thereafter began falling behind on his alimony and child support payments due to the plaintiff. Eventually, on August 19, 1982, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

The plaintiff then brought the aforementioned complaint against the debtor (83 A 0981). The thrust of the complaint contends that Section 523 operates so as to render the child support and alimony payments as nondischargeable debts. The plaintiff contends that all attorney fees that may be incurred by her relative to her support and maintenance are similarly nondischargeable.

■ The debtor admitted all of the relevant facts. However, the debtor denied that his obligations under the marital settlement agreement are in the nature of "alimony" or "support." The debtor offered no further proof in support of his position. Thereafter, the plaintiff brought a motion for summary judgment and submitted a memorandum of law in support of her position relative to the nondischargeability issues. Thus, this court must determine whether Section 523 exempts the aforementioned obligations from the normal discharge provisions provided under the Bankruptcy Code.

Section 523 provides in relevant part that:

(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt . . . . . . . (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that . . .

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ...

11 U.S.C. § 523 (Supp. V 1981). It is well settled in this Circuit that if an obligation is a debt for alimony, maintenance, or support of a spouse or a child in connection with a divorce decree, it is nondischargeable in bankruptcy. *Matter of Woods,* 561 F.2d 27, 30 (7th Cir.1977). However, if the divorce decree merely divides the marital property, the ensuing indebtedness is dischargeable in bankruptcy. *Matter of Coil,* 680 F.2d 1170, 1171 (7th Cir.1982).

The debtor denied plaintiff's allegations relative to the characterization of the child support and alimony obligations. This court necessarily assumes, since the debtor offered no further explanation, that the debtor's position is that the settlement agreement merely constituted a division of property and thus is dischargeable in bankruptcy. Thus, an examination of the pertinent factors and circumstances is in order to determine the true nature of the child support and alimony payments.

■ Such an examination revolves around the interpretation of what "alimony" is. In making this determination, this court must look to the relevant federal standards. *See In re Renzulli,* 28 B.R. 41, 43 (Bkrtcy.N.D.Ill.1982) (In determining what constitutes alimony, maintenance, or support for purposes of dischargeability, this court is not bound by the label which the state courts place upon such a decree, but must make the determination in accordance with the federal standards.); *See also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977), *reprinted in* (1978) U.S.Code Cong. & Ad.News pp. 5963, 6320. The relevant case law which has interpreted the alimony issue provides that payments are to be considered as alimony if they are actually in the nature of support for a former spouse. *In re Wells,* 8 B.R. 189, 192 (Bkrtcy.N.D.Ill.1981),

*citing Nichols v. Hensler,* 528 F.2d 304, 307 (7th Cir.1976); *See also In re Tilmon,* 9 B.R. 979, 987 (Bkrtcy.N.D.Ill.1981)

Turning to the instant case, the agreement states that several conditions must be fulfilled by the plaintiff as a predicate to receiving the alimony and child support payments. The relevant restrictions and conditions relative to the receipt of the alimony and child support payments are as follows:

### ARTICLE IV

### MEDICAL, DENTAL, OPTICAL AND RELATED EXPENSES OF THE CHILDREN

... 2. The [debtor's] obligation with respect to said minor children shall terminate upon each child's attaining the age of majority or finishing college, whichever shall last occur.

### ARTICLE VIII

### PERIODIC ALLOWANCE FOR SPOUSE

... 5. The payments to the [plaintiff] of maintenance shall continue with the first to happen of the following events:

(a) The death of the [plaintiff];

(b) The remarriage of the [plaintiff];

(c) The cohabitation by the [plaintiff] with another person on a resident, continuing conjugal basis;

(d) The emancipation of the minor children of the parties;

(e) The sale or lease of the condominium unit;

(f) The mutual agreement of the parties hereto.

### ARTICLE X

### CHILD SUPPORT

The debtor's obligation for the support of each of the minor children of the parties, shall continue until the first to happen of any of the following events:

(a) The marriage of said child.

(b) The child attaining the age of majority.

(c) The death of a child.

(d) The child having a permanent residence away from the permanent residence of the custodial parent. A residence at boarding school, camp, trade school, college or professional school is not to be deemed a residence away from the permanent residence of the custodial parent.

(e) Full emancipation of the child, but excluding as a measure thereof part time or summer time employment.

## ARTICLE XIII

## MISCELLANEOUS PROVISIONS

The [debtor] agrees that the [plaintiff] shall be entitled to be employed and to earn up to FIFTEEN THOUSAND DOLLARS ($15,000.00) per year net income without prejudice to her right to receive the aforedescribed payments; and neither her employment nor any of her earnings, unless they exceed FIFTEEN THOUSAND DOLLARS ($15,000.00) per year net income, shall be considered to be a change in circumstance in connection with any Petition for Modification of support for the minor children of the parties.

■ This court reviewed the relevant paragraphs of the marital agreement relating to the child support and alimony payments. Upon such review this court concludes that the debtor's obligations with respect to child support and alimony payments are clearly in the nature of "support" and "alimony" which Section 523(a)(5) serves to exempt from discharge. This finding is bolstered by the disparity in financial earning power that exists as between the debtor and the plaintiff.

The debtor's schedules indicate that he is a plant manager for an industrial company. The debtor's income for 1981 was listed as $35,000.00. The plaintiff, on the other hand, is restricted to earning $15,000.00 per year. The economic disparity existing between the parties is further widened when one considers that the plaintiff has custody of the parties' three children.

Consequently, this court necessarily concludes that the child support and alimony payments are of the nature that the drafters of Section 523(a)(5) contemplated as exempting from the normal discharge provisions of the Code. *See In re Maitlen,* 658 F.2d 466, 467 (7th Cir.1981). (Obligation on part of debtor to make mortgage payments on real estate awarded to wife was not dischargeable in bankruptcy where terms of settlement agreement indicated that the obligation was "support" rather than "a property division"). Thus, this court grants the plaintiff's motion for summary judgment relative to the dischargeability of the debtor's child support and alimony obligations.

This court must then determine whether attorney fees that may be incurred by the plaintiff in future periods relative to her maintenance and support of the children are nondischargeable under Section 523(a)(5). Plaintiff has not specified what type of attorney services are contemplated. Nor does the plaintiff specify what the fees might amount to.

This court is cognizant of the case law in this district which states that attorney fees are treated as a type of alimony and thus are nondischargeable in a bankruptcy proceeding. *See In re Wells,* 8 B.R. 189, 192 (Bkrtcy.N.D.Ill.1981) (An award of attorney's fees in an Illinois divorce proceeding is ordinarily in the nature of support and this is a nondischargeable debt), *In re Pelikant,* 5 B.R. 404, 407–408 (Bkrtcy.N.D.Ill. 1980) (Attorney fees awarded to a debtor's ex-wife in an Illinois divorce action constituted debt in the nature of alimony and is thus not dischargeable even though the fees were payable directly to the attorney rather than the debtor's ex-wife).

■ The present situation is factually distinguishable from the above line of cases. The attorney fees which the debtor seeks to have rendered nondischargeable are only prospective and not definitely ascertainable at this point in time. Consequently, this court is not in a position to determine whether the contemplated fees fit within

the requisite category of "alimony." See *In re Abitua* 18 B.R. 674, 675 (Bkrtcy.N.D.Ill. 1982) (debtor's obligation to pay attorney fees incurred in a contempt proceeding does not fit within any category of nondischargeable debts as those debts are defined by bankruptcy courts). Thus, this court denies the plaintiff's motion seeking a finding of nondischargeability for future attorney fees that may be incurred by the plaintiff.

Summarizing, this court finds that the debtor's obligations relative to the child support and alimony payments are in the nature of "alimony" and thus are nondischargeable pursuant to 11 U.S.C. § 523(a)(5) (Supp. V 1981). Consequently, plaintiff's motion for summary judgment as to these two matters is granted.

The portion of plaintiff's motion which requests that future attorney fees be classified as nondischargeable obligations is denied. At this stage of the proceeding, this court does not possess the relevant facts necessary for making an appropriate decision.

Plaintiff is to furnish a draft order in accordance with this opinion within five days.