In re Robert I. COCKHILL, Debtor.

DOSS, PUCHALSKI, KEENAN & BARGIEL, LTD., Plaintiff,

v.

Robert I. COCKHILL, Defendant.

Bankruptcy Nos. 83 B 8995, 83 A 2829.

United States Bankruptcy Court, N.D. Illinois, E.D.

April 8, 1987.

Doss, Puchalski, Keenan & Bargiel, Ltd., Chicago, Ill., pro se.

Joseph B. Taconi, Jr., Chicago, Ill., for debtor.

### MEMORANDUM OPINION AND ORDER

DAVID H. COAR, Bankruptcy Judge.

This cause coming on to be heard upon the Complaint for Determination of Dis-

chargeability of Debt filed by Plaintiff, DOSS, PUCHALSKI, KEENAN & BARGIEL, LTD., represented *pro se*, and upon the Response thereto filed by Debtor, ROBERT I. COCKHILL, represented by JOSEPH B. TACONI, JR., and the Court, having considered the record in this case and the pleadings on file, and having examined the memoranda of law filed by the parties in support of their respective positions, and being fully advised in the premises;

The Court Finds:

1. On July 21, 1983, the debtor, ROBERT I. COCKHILL, filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. On December 6, 1983, the plaintiff, DOSS, PUCHALSKI, KEENAN & BARGIEL, LTD. [Doss-Puchalski], filed the above-entitled complaint against the debtor, seeking a determination that a $1,750 judgment for attorneys' fees awarded in plaintiff's favor and deemed child support by the divorce court was nondischargeable pursuant to Section 523(a)(5). 11 U.S.C. § 523(a)(5).

3. On May 17, 1984, the debtor filed a response to plaintiff's complaint. Plaintiff filed a reply on May 24, 1984. The entire matter was taken under advisement by the prior bankruptcy judge.[1]

4. The debtor's wife, Bernadette Cockhill, hired Doss-Puchalski to initiate divorce proceedings in the Circuit Court of Cook County, Illinois.[2] In that case, Doss-Puchalski filed a petition for attorneys' fees requesting payment in the amount of $3,069.40 from either the debtor or his wife. On December 19, 1985, the state court entered a judgment against the debtor awarding Doss-Puchalski attorneys' fees in the sum of $1,750. The state court further ordered that the attorneys' fees "are part of the child support and, therefore, nondischargeable in bankruptcy."[3]

5. The divorce court had before it Bernadette Cockhill's divorce petition. (Plaintiff's Exhibit B) In her petition, she alleges that she is without adequate funds to pay her attorneys, Doss-Puchalski. These allegations are fully set forth in paragraph 11 of her divorce petition, which states:

> Petitioner [wife] is without sufficient means to support herself or to pay attorneys' fees and costs necessary to conduct this legal action. Respondent [debtor] has assets and income, and is thus well able to furnish suitable and sufficient support for petitioner and the minor children and to pay attorneys' fees and costs necessary for the petitioner's adequate representation herein.

6. Also before the divorce court was an emergency petition[4] filed by Bernadette Cockhill, wherein she further alleges that:

> Petitioner's [wife's] income is insufficient to support herself and her four children in a separate family residence ... Respondent [debtor] is employed and is able to contribute to the support of Petitioner and their four children. ... it has been necessary for Petitioner to incur additional attorneys' fees and costs for the preparation of this Petition; and in equity and justice, pursuant to statute, Respondent should be required to pay the attorneys' fees and costs so unjustly incurred.

---

1. Counsel for the parties appeared before Bankruptcy Judge Edward B. Toles, who has since retired. Judge Toles took this matter under advisement and his decision was to have been based solely on the pleadings and briefs filed. In circumstances such as these, and in the absence of an evidentiary hearing before Judge Toles, the undersigned is authorized pursuant to Bankruptcy Rule 9028, and relevant case law, *Townsend v. Gray Line Bus Co.,* 767 F.2d 11 (1st Cir.1985); *Whalen v. Ford Motor Credit,* 684 F.2d 272 (4th Cir.1982) *cert. denied,* 459 U.S. 910, 103 S.Ct. 216, 74 L.Ed.2d 172 (1982), to render a decision on this matter based on the pleadings and briefs filed by the parties.

2. As far as can be determined from the record in this case, the Cockhill divorce proceeding is still pending in the state court.

3. Plaintiff's Exhibit A is a copy of the December 19, 1985 order and its provisions are set out as an Appendix.

4. Plaintiff's Exhibit C is the emergency petition which is captioned, "Emergency Petition For Temporary Maintenance and Child Support to Secure a New Family Residence and for Rule to Show Cause."

7. The divorce petition as well as the emergency petition were before the divorce court prior to its entry of the December 19, 1985 order which awarded attorneys' fees to Doss-Puchalski. Additionally, the divorce court had before it the billing statement of Doss-Puchalski, supported by affidavit, which sets forth a description of the services performed on behalf of Bernadette Cockhill, the date those services were performed and the duration of performance. (Plaintiff's Exhibit D)

The Court Concludes and Further Finds:

1. The issue presented to this Court for determination is whether the debtor's obligation to pay the attorneys' fees incurred by his spouse as mandated by the divorce court's order of December 19, 1985 is in the nature of alimony, maintenance, or support and, therefore, expressly excepted from discharge by the terms of 11 U.S.C. § 523(a)(5)(B).

2. Section 523(a)(5)(B) as it existed prior to the 1986 Amendments of the Bankruptcy Code governs this case,[5] and it provides in relevant part as follows:

(a) A discharge under 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5)(B)

3. An indebtedness to a spouse for maintenance or support which is memorialized in a court order is not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). It is well settled that whether a debt owed to a spouse constitutes maintenance or support is determined under federal bankruptcy laws, not state laws. *In re Woods*, 561 F.2d 27, 29 (7th Cir.1977); *In re Renzulli*, 28 B.R. 41, 43 (Bankr.N.D.Ill.1982) Most importantly, the bankruptcy court is not bound by any label which the state court places upon an award. *In re Woods*, 561 F.2d at 29; *In re Renzulli*, 28 B.R. at 43.

4. In determining whether an obligation arising out of an order entered by the divorce court is dischargeable, the bankruptcy court must attempt to effectuate the parties' or the divorce court's intent. *In re Coil*, 680 F.2d 1170, 1172 (7th Cir. 1982). In the case *sub judice*, this Court must discern the intent of the divorce court not only from the four corners of the December 19, 1985 order which awarded fees to Doss-Puchalski but also from the evidence placed in the record which would indicate what the divorce court intended when it entered the December 19, 1985 order. *See, In re Coil*, 680 F.2d at 1172. Specifically, this Court is obligated to examine the order awarding the fees and the pleadings and documents upon which the court came to issue the order.[6]

---

**5.** 11 U.S.C. § 523(a)(5) was amended, albeit slightly, by the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088 (1986), which was enacted on October 27, 1986. Paragraph (5) now provides:

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

**6.** In *In re Woods*, 561 F.2d 27, the Seventh Circuit discussed four facts that could assist the bankruptcy court in discerning the intentions of the parties or the divorce court as manifested in the divorce decree. These four factors are: (1) whether the settlement agreement provides for payments to the ex-spouse; (2) whether the agreement provision was intended to balance the relative incomes of the parties; (3) whether the agreement provision creating the obligation at issue is located among property division provisions or support and maintenance provisions; and (4) whether the agreement provision specifies the character and method of payment. For the most part, these four factors do not look

6. State courts in Illinois are authorized by statute to order one spouse to pay the attorneys' fees of the other. Ill.Rev.Stat. ch. 40, § 508(a). Before issuing such an order, the state court must take into consideration the financial resources of both spouses. *Id.* Section 508(a)(1) of the Marriage and Dissolution of Marriage Act provides:

> (a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with the following: (1) the maintenance or defense of any proceeding under this Act.

Ill.Rev.Stat. ch. 40, § 508(a)(1) (1977).

In Illinois, the controlling consideration in determining whether to grant attorney's fees is the relative financial resources of the parties. *Held v. Held,* 73 Ill.App.3d 561, 29 Ill.Dec. 612, 392 N.E.2d 169, (1979); *Gasperini v. Gasperini,* 57 Ill.App.3d 578, 15 Ill.Dec. 230, 373 N.E.2d 576, 578 (1978). The awarding of attorney's fees under the statute is based on a showing of the inability of one spouse to pay and the ability of the other spouse to do so. *Bellow v. Bellow,* 94 Ill.App.3d 361, 50 Ill.Dec. 656, 419 N.E.2d 924 (1981); *In re Marriage of De Frates,* 91 Ill.App.3d 607, 47 Ill.Dec. 72, 414 N.E.2d 1188 (1980). Attorney's fees may not be granted if this showing is absent. *In re Marriage of Ford,* 91 Ill.App.3d 1066, 47 Ill.Dec. 541, 415 N.E.2d 546 (1981). Given these standards as set forth in the statute and as developed in Illinois case law, an award of attorney's fees in an Illinois divorce proceeding is ordinarily in the nature of support.

6. The Seventh Circuit in interpreting the predecessor to Ill.Rev.Stat. ch. 40

§ 508(a) held that an award of attorney's fees was nondischargeable as a liability for "alimony due or to become due, or for maintenance or support of wife or child", and that these fees constituted a nondischargeable debt whether payable to the wife or to her attorney. *Schiller v. Cornish (In re Cornish),* 529 F.2d 1363, 1365 (7th Cir.1976) (interpreting Ill.Rev.Stat. ch. 40, § 16). The majority of federal courts have followed suit and have considered awards for attorney's fees made pursuant to the Illinois statute as within the meaning of alimony, maintenance or support. *Richard v. Loncar,* 14 B.R. 276 (N.D.Ill.1981); *Abitua v. Abitua (In re Abitua),* 18 B.R. 674 (Bankr.N.D.Ill.1982); *A.A. Legal Clinic, Ltd. v. Wells (In re Wells),* 8 B.R. 189 (Bankr.N.D.Ill.1981); *Richter v. Pelikant (In re Pelikant),* 5 B.R. 404 (Bankr.N.D.Ill. 1980). The underlying rationale behind these decisions was set forth best in *In re Wells,* where it was stated that "payments on account of an award of attorney's fees made pursuant to Ill.Rev.Stat. ch. 40, § 508 directly benefit the debtor's spouse in that they are payments which the spouse would otherwise have to make." 8 Bankr. at 193. It must not be forgotten, however, that in evaluating awards for attorney's fees the federal courts continue to look to the substance of the obligation to determine whether it is in the nature of support or maintenance and thus nondischargeable, or whether it constitutes a division of property. *Maitlen v. Maitlen (In re Maitlen),* 658 F.2d 466 (7th Cir.1981). The bankruptcy court in one circumstance, however, held that an award of attorney's fees made pursuant to the Illinois statute was not in the nature of maintenance or support but it was more in the nature of a property division, and, therefore, was subject to discharge. *Schroeder v. Schroeder (In re Schroeder),* 25 B.R. 190 (Bankr.N.D.Ill. 1982)[7]

---

beyond the four corners of the divorce decree or settlement agreement.

In the case at bar, the application of these *Woods* factors to the December 19, 1985 order would provide little guidance given the lack of detail contained in that order; thus, it is incumbent upon the Court to look to other evidence

placed in the record which would reveal the divorce court's intent. *See, In re Coil,* 680 F.2d at 1172.

**7.** In contrast to the case at bar, the bankruptcy court in *In re Schroeder* had before it "an unemployed debtor with an unemployed ex-wife who has waived her rights to alimony or mainte-

7. This Court concludes that the debtor's obligation to pay the attorneys' fees incurred by his spouse in this case is in the nature of maintenance and support and, therefore, nondischargeable under Section 523(a)(5)(B) of the Bankruptcy Code. 11 U.S.C. § 523(a)(5)(B). The divorce court was well aware of its statutory duty under Ill.Rev.Stat. ch. 40, § 508(a)(1) which required the court, after due notice and a hearing, to consider the relative financial resources of the Cockhills before ordering Mr. Cockhill to pay the attorneys' fees incurred by his spouse. The divorce court had before it the allegations of Bernadette Cockhill who stated that she did not have sufficient means to support herself or her four children. She further alleged that she did not have the financial resources to pay her attorneys and that the debtor had the ability to do so since he was employed. The divorce court was persuaded that Bernadette Cockhill was unable to pay her attorneys and that her husband had the ability to do so, and the divorce court undoubtedly made a fact-finding to this effect prior to the entry of the December 19, 1985 order. There is no evidence in the record which would suggest that the divorce court did not perform its statutory duties as mandated by Ill.Rev.Stat. ch. 40, § 508(a)(1).[8] The debtor was provided an opportunity to present evidence to the divorce court which would have rebutted his wife's allegations. Whether he exercised this opportunity is unknown. It is clear, however, that as far as the divorce court was concerned, Bernadette Cockhill's allegations remained unrebutted.

The debtor also had an opportunity to present evidence to this Court on the issue of whether his wife had the ability to pay her attorneys in the divorce proceedings. Whether the obligation imposed by the De-

cember 19, 1985 order constitutes maintenance or support is a question which is to be determined by the bankruptcy court, and any evidence which would be probative on this issue could properly be admitted into evidence and taken into consideration by the bankruptcy court. *See, In re Renzulli*, 28 B.R. 41. The debtor has chosen not to avail himself of the opportunity to submit evidence to this Court on this issue.

8. The divorce court held that the attorneys' fees assessed against the debtor were a part of the child support and, therefore, nondischargeable. This Court, however, is not bound by the label the divorce court placed upon this award. *In re Woods*, 561 F.2d at 29. The awardance of attorney's fees in child support proceedings is governed solely by Ill.Rev.Stat. ch. 40, § 508(b), which provides:

(b) In every proceeding for the enforcement of an order or judgment for child support in which relief is granted to the parent having custody of the child and the court finds that the failure to pay child support was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the custodial parent's costs and reasonable attorney's fees.

Ill.Rev.Stat., ch. 40, § 508(b) (1982).

This provision makes an award for the custodial parent's cost and reasonable attorney's fees mandatory in child support enforcement proceedings so long as relief is granted to the custodial parent and the court finds the noncustodial parent's failure to pay was without cause or justification. *Fogliano v. Fogliano*, 113 Ill.App.3d 1018, 69 Ill.Dec. 785, 448 N.E.2d 245 (1983).

Illinois courts are precluded by statute from awarding attorney's fees in divorce proceedings as child support by Section

nance and receives only minimal child support. The parties' divorce documents do not indicate that the attorney's fees are in the nature of or in lieu of alimony or support and in fact point out the precarious financial position of the debtor. In this situation, such attorney's fees must be considered in the nature of a property division and thus dischargeable." 25 B.R. at 192

8. In habeas corpus proceedings, federal courts will accord a "presumption of regularity" to proceedings held in the state court; that is, state courts presumably follow their own law and procedures. *Ford v. Strickland*, 696 F.2d 804, 811 (11th Cir.1983), *cert. denied* 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983). By analogy, this Court presumes that divorce courts in Illinois routinely apply Ill.Rev.Stat. ch. 40, § 508(a)(1) in proceedings held before them.

508(a)(2), which provides that the court may from time to time award attorney fees in connection with "the enforcement or modification of any order or judgment under this Act [Marriage and Dissolution of Marriage Act] other than the enforcement of a provision for child support." Ill.Rev. Stat., ch. 40, § 508(a)(2). As a matter of law, the divorce court was not permitted to designate the awarding of attorney's fees as child support since the order of December 19, 1985 was issued during the maintenance of a divorce proceeding. This inappropriate designation, however, is not fatal since this Court is not bound by the label attached by the divorce court, and because the divorce court apparently determined that Mrs. Cockhill was unable to pay her attorneys and that the debtor had the ability to do so, and given these circumstances the divorce court clearly was empowered to assess fees against the debtor as spousal support under Ill.Rev.Stat., ch. 40, § 508(a)(1).

9. This Court concludes that the debtor's obligation to pay the attorneys' fees incurred by this spouse as mandated by the divorce court's order of December 19, 1985 is in the nature of maintenance and support and, therefore, nondischargeable in bankruptcy under Section 523(a)(5)(B) of the Bankruptcy Code. 11 U.S.C. § 523(a)(5).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be, and the same is hereby entered in favor of plaintiff, DOSS, PUCHALSKI, KEENAN & BARGIEL, LTD., and against debtor, ROBERT I. COCKHILL, upon the above-entitled Complaint for Determination of Dischargeability of Debt, in the amount of $1,750.00 plus costs, and that said judgment is found to be nondischargeable under Sections 727, 1141, 1228(b) or 1328(b) of Title 11 of the United States Code.

### APPENDIX

THIS CAUSE coming on to be heard on the Petition of DOSS, PUCHALSKI & KEENAN, LTD.*, for entry of an order fixing and assessing attorney's fees; the Court hearing the evidence adduced by the parties and being advised in the premises; DOTH FIND:

1. That the law firm of DOSS, PUCHALSKI & KEENAN, LTD., was retained by BERNADETTE E. COCKHILL to represent her in the above entitled cause.

2. That said law firm rendered valuable services to BERNADETTE E. COCKHILL.

3. That said law firm is entitled to attorney's fees in this matter.

4. That the balance of said fees is One Thousand Seven Hundred Fifty Dollars ($1,750).

IT IS THEREFORE ORDERED, ADJUDGED and DECREED, that a judgment is entered in the amount of One Thousand Seven Hundred Fifty Dollars ($1,750) in favor of the law firm of DOSS, PUCHALSKI & KEENAN, LTD., and against the Defendant, ROBERT COCKHILL, SR.

IT IS FURTHER ORDERED, that said attorney's fees to the law firm of DOSS, PUCHALSKI & KEENAN, LTD., are part of the child support and therefore nondischargeable in bankruptcy.

* Now known as Doss, Puchalski, Keenan & Bargiel, Ltd.