**In re Chester T. KIJEWSKI, Jr. Debtor.**

**Thomas J. SKRYD, Plaintiff,**

**v.**

**Chester T. KIJEWSKI, Jr. Defendant.**

**Bankruptcy No. 88 B 03087.**
**Adv. No. 88 A 0267.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

July 15, 1988.

Thomas J. Skryd, Cicero, Ill., pro se.

Alan J. Schroeder, Abacus Legal Services, Frankfort, Ill., for defendant.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The plaintiff in this adversary proceeding is an attorney who represented the Debtor's ex-wife in their marriage dissolution case. The complaint seeks a determination that the Debtor's obligation to pay attorney's fees to the plaintiff pursuant to a marital settlement agreement is not dis-

chargeable.[1] At the initial status hearing in this proceeding on May 23, 1988, the parties agreed that the Court should decide the proceeding on the pleadings, which include as exhibits the relevant state court papers. The Court finds that the Debtor's obligation to pay the attorney's fees of his ex-wife is in the nature of a property settlement and therefore is dischargeable in the Debtor's case under Chapter 7 of the Bankruptcy Code. As a result, judgment will be entered in favor of the defendant.

*Background and Facts*

A judgment for dissolution of marriage was entered on November 21, 1987 in the Circuit Court for Cook County, Illinois in *The Marriage of Louise M. Kijewski and Chester T. Kijewski.* The divorce court expressly adopts and incorporates as part of its opinion the "Marital Settlement Agreement" [the "Agreement"] entered by Mr. and Mrs. Kijewski on September 29, 1983. The November 21 judgment together with the Agreement represents the complete and final settlement between the parties concerning child custody, support of the minor children, maintenance for the wife, division of marital property, the respective rights of the parties in their present and future income and estates and all other matters.

The Agreement is divided into sections which express the intended disposition of each matter. Where necessary, subsections more specifically describe the parties' intentions. Section 3 of the Agreement states that the Debtor is to pay $50.00 per week to his ex-wife, for child support based on the financial circumstances of the parties. In section 4 of the Agreement, both Mr. and Mrs. Kijewski waive the payment of maintenance and acknowledge that both are employed and neither is dependent on other for support and maintenance. Section 8 of the Agreement describes the marital assets. This section is divided into subsections which deal specifically with signifi-

---

1. Although the plaintiff's complaint is titled "Complaint Objecting to Discharge of Debtor" and seeks to deny the Debtor discharge in bankruptcy, the complaint is based on 11 U.S.C. § 523(a)(5) which renders non-dischargeable any debt to a former spouse which is in the

nature of alimony, maintenance or support. The Court will therefore treat this proceeding as one to determine the dischargeability of the debt under § 523(a) rather than one to deny discharge under § 727(a).

cant marital assets. Section 12 of the Agreement states that the Debtor agrees to pay to Thomas Skryd, the Plaintiff in this adversary proceeding and Mrs. Kijewski's divorce lawyer, $1500.00 "for his contribution towards the attorney's fees and court costs incurred by the wife with said attorney."

Several months after entry of the judgment for dissolution of marriage, the Debtor filed for protection under Chapter 7 of the United States Bankruptcy Code. Mr. Skryd then filed his complaint to determine dischargeability of the $1500.00 debt in which he alleges his status as a secured creditor. The Debtor denies that the debt is non-dischargeable and claims that the property allegedly securing the debt has been foreclosed upon and is no longer property of the estate.

Neither Mr. Skryd, the Plaintiff nor Mr. Kijewski, the Debtor have filed memoranda in support of their positions pursuant to this Court's briefing schedule. Both parties are aware that the Court will render its ruling based on the pleadings and the judgment for dissolution of marriage.

*Dischargeability*

■ It is well settled that in Illinois an award of attorney's fees pursuant to a divorce proceedings is ordinarily in the nature of support and therefore is non-dischargeable. *See, Ill.Rev.Stat.* Ch. 40 ¶ 508(a)(1) (1977); *In re Cockhill,* 72 B.R. 339 (Bankr.N.D.Ill.1987); *In re Cornish,* 529 F.2d 1363 (7th Cir.1976). However, this general rule does not mean that all attorney's fees awarded pursuant to the Illinois Statute are per se in the nature of maintenance or support. Rather, it is more akin to a rebuttable presumption. The controlling consideration is the substance of the obligation. *See, Cockhill,* 72 B.R. at 342; *In re Wells,* 8 B.R. 189, 192 (Bankr.N.D.Ill.1981).

■ An award of attorney's fees pursuant to the Illinois Marriage and Dissolution of Marriage Act is based on the financial resources of the parties, which ordinarily indicates that the award is in the nature of maintenance or support. Ill.Rev.Stat. Ch. 40 ¶ 508(a)(1) (1977). However, certain factors may demonstrate that the award of

fees is in the nature of a property settlement. The considerations include 1) whether the provision creating the obligation to pay the attorney's fee is located within the property settlement provisions or within the support provisions, 2) whether the obligation relates to the support of the children and 3) whether the obligation was intended to balance the income of the parties. *In re Schroeder,* 25 B.R. 190 (Bankr.N.D.Ill. 1982); *In re Maitlen,* 658 F.2d 466 (7th Cir.1981).

■ In *Schroeder,* the judgment of dissolution of marriage did not separate the support provisions from the property settlement provisions. The court found that this non-specific placement of the award of attorney's fees indicated that the award was not in the nature of support. The wife, to whom the fees were awarded, earned more than her unemployed ex-husband. In fact, she specifically waived any rights she may have had to receive maintenance from her ex-husband. The wife received only minimal child support payments. The court found that these factors indicated the award of attorney's fees was not meant to balance the parties' income and therefore was in the nature of a property settlement. 25 B.R. at 192.

*In re Cockhill,* also recognized the possibility that an award of attorney's fees in an Illinois divorce may be in the nature of a property settlement. 72 B.R. 342. Although the facts of *Cockhill* did not render the Debtor's obligation dischargeable, the court cited *Schroeder* to illustrate a situation where an award of attorney's fees may be discharged. *Id.* The Court's focus was on the relative financial needs of the parties' and their ability to support themselves and their dependents. *Id.*

In the case at bar, the judgement for the dissolution of marriage incorporated the parties marital settlement agreement which provided for the payment of attorney's fees. This obligation was a product of negotiation between the parties rather than an allocation by the divorce court pursuant to the Illinois Statute. The Agreement did not include the provision awarding the attorney's fees as part of the property settlement provisions or the support provisions. The placement of the provision is therefore

uninformative. The only support awarded to the Debtor's ex-wife was minimal child support in the amount of $50.00 per week. Otherwise, both the Debtor and his ex-wife expressly waived all rights to receive maintenance or support. The waiver specified that both parties were employed and neither party was dependent upon the other for support or maintenance.

All factors indicate that the award of fees was not based on the financial resources of the parties. The parties are employed and not dependant on one another and there are no indications that the award of attorney's fees was meant to balance their incomes. All the evidence indicates that the award of attorney's fees was intended to be part of a property settlement.

The Court therefore finds that the award of attorney's fees is in the nature of a property settlement and is subject to discharge under § 727(a). An Order will be entered accordingly.